## Case No. 17,087.

### WALKER v. SMITH.

[1 Wash. C. C. 202.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1804.

NEW TRIAL—ACTION FOR DAMAGES—PROVINCE OF COURT AND JURY.

1. Motion for a new trial.—In an action to recover damages, although the jury, by their verdict, gave the plaintiff less than the court thought him entitled to, a new trial was refused.

2. The court will always set aside a verdict, when it is against law: it will always respect the right of the jury to decide upon facts.

[Cited in Lancaster v. Providence & S. S. S. Co., 26 Fed. 234.]

3. If the court had jurisdiction of the cause, when the action was commenced, the repeal of

[3] [From 4 Dall. 391.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the law, which gave the jurisdiction, will not take away the plaintiff's right to costs.

Rule for a new trial; the jury having found, contrary to the charge of the court, which laid down, as the rule for estimating the damages, the loss which the plaintiff had sustained, by the misconduct of the defendant, in violating his orders. [See Case No. 17,086.] The jury have given only the principal sum due, without interest; have allowed the defendant his commissions, though he claimed none; and have rated the exchange at par, when it was higher. Besides which, they have said, that the plaintiff shall not have costs.

WASHINGTON, Circuit Justice. We cannot say, that we are satisfied with the verdict; since we are of opinion, that the jury ought to have given interest on the principal sum, in the name of damages. But, ought the court, on this account, to set aside the verdict? If, indeed, the verdict were against the charge, we would not hesitate to do it; and would continue to do so, as often as such a verdict should be given. For, whilst we will always respect, and secure to the jury, the privileges to which they are entitled, which is, to decide upon the facts; we will take care, that the rights of the court, to decide the law, shall never be impaired by the jury. But, the court certainly never meant to direct the jury to find interest, in this case; although, we think they would have been justified, in giving it in the name of damages. But, if the jury saw any mitigating circumstances in the case, to induce them to refuse interest in such a case; it would be going too far, to set aside their verdict on that account. As to the allowance of commissions, though they were not claimed, yet it was admitted at the trial, by the plaintiff's counsel, that the defendant was entitled to them; and so we think. As to the rate of exchange, no evidence was offered to the jury upon that subject; but the difference is very trifling. As to the costs; the court had jurisdiction of the cause at the time the suit was brought; and, though the verdict is given after the repeal, and for less than 500 dollars; yet, costs must follow of course. Rule discharged, and judgment to be entered, with costs.