READING *v.* TEXAS & PACIFIC RAILWAY CO.[*]

*(Circuit Court, E. D. Pennsylvania. October 26, 1880.)*

1. NEW TRIAL—VERDICT FOR TOO SMALL AN AMOUNT—WHEN NOT SET ASIDE.—When, in the opinion of the court, the verdict should have been for the defendant, upon the evidence, they will not, upon the motion of plaintiff, set aside a verdict in his favor because its amount was less than the evidence showed him to be entitled to, if entitled to recover at all.

Motion for New Trial.

This was an action of *assumpsit.* The declaration set forth an agreement by defendant to pay plaintiffs $10,000 for obtaining the consent of the bond holders of the Shreveport & Texas Railway Company to a scheme of reorganization, and averred performance by plaintiff, and that subsequently defendants were satisfied with such performance, had paid plaintiff $4,000 on account, and had acknowledged a balance of $6,000 to be due. Plea, *non-assumpsit.*

Plaintiff failed to prove, on the trial, performance of the contract on his part, but testified that defendants had waived the complete performance, and that they had paid him $4,000 on account, and acknowledged that a balance of $6,000 was due. This testimony was contradicted by defendant's witnesses. The jury found a verdict in favor of plaintiff for $1,000. Plaintiff alone moved for a new trial.

*W. Henry Smith,* for plaintiff.

*George Biddle,* for defendants.

McKENNAN, C. J., *(orally.)* The plaintiff here has circumscribed his case within very narrow limits. He has by his declaration bound himself to prove a promise between himself and the defendants, by which the latter agreed, in consideration of whatever he did in performance of his contract, to pay him the balance he now claims. He has been permitted to present his case to the jury in a double aspect —*First,* that his performance of his contract to obtain the signature of these parties to a paper to provide for the re-'

[*]Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

organization of this railroad was acceptable to the defendants, and that so he was entitled to recover; and, *secondly,* the ground that no matter how he performed his contract these matters were subsequently arranged between the parties, and a promise had been made to pay the ascertained balance of $6,000. As to the above grounds I was unable on the trial to see how the jury could find for the plaintiff. As to the first ground, the plaintiff was permitted to go into that, although under his declaration this was perhaps a mere matter of inducement. He was permitted, however, to show, if he could, performance of the contract. Now, it must be admitted that there was no actual performance of the contract proven. Taking all the evidence, I think the weight of it was against the plaintiff, and so presented it to the jury.

On the second point, as to the subsequent arrangement between the parties, the testimony of the plaintiff was not direct. He did not swear that there was an actual ascertainment of this balance. He merely says he understood it so. He does not testify to any unqualified promise. Under these circumstances, a verdict in favor of the defendants would have been satisfactory to the court. Now, the jury erroneously have found a verdict for a sum less than the plaintiff would have been entitled to recover if his case had been made out by satisfactory proof. But this is not prejudicial to the plaintiff. It does not do him any wrong. He has no right to complain. We do not sit here to correct formal errors made by the jury that do not hurt any one. The parties who are injured by this verdict are the defendants, not the plaintiff. But the defendants do not move for a new trial. The jury might have found a verdict generally for the defendants, but because the jury have given the plaintiff what he is not entitled to, it certainly does not lie in the mouth of the plaintiff to allege any wrong, nor is it the duty of the court to set aside the verdict.

Motion refused.