LANCASTER *v.* PROVIDENCE & S. S. S. Co.

(*Circuit Court, S. D. New York.* February 1, 1886.)

NEW TRIAL—DAMAGES ALLOWED BY JURY INADEQUATE.
In an action to recover damages for personal injuries the verdict should not be disturbed, even though the court may regard it as inadequate, unless something is shown which indicates that the jury were actuated by passion, prejudice, or corrupt motive, or that they made an important and manifest mistake.

Motion by the Plaintiff for a New Trial.
*Edward Russell,* for motion.
*Wheeler H. Peckham,* opposed.
COXE, J. This is an action to recover damages for personal injuries. At the December circuit the plaintiff had a verdict for $250.

He now moves for a new trial, upon the ground that the damages are insufficient. That the evidence would warrant a much larger verdict is beyond a doubt. Indeed, it may be said that, had the assessment been made by the court, the recovery would have been considerably in excess of the sum awarded by the jury. But the question of damages was for the jury. A wide discretion was allowed them, and the court should be clearly convinced of the rectitude of its position before trespassing upon their peculiar domain. The jury were not called upon to accept the statement of the plaintiff, even though uncontradicted, and there was little else to aid them upon this branch of the case. The attempt to prove the permanency of the injuries by other witnesses was not attended with any marked degree of success. The verdict should not be disturbed, even though the court may regard it as inadequate, unless something is shown which indicates that the jury were actuated by passion, prejudice, or corrupt motive, or that they made an important and manifest mistake. There is nothing here upon which to found such a conclusion. *Walker* v. *Smith*, 1 Wash. C. C. 202; *Davey* v. *Ætna Life Ins. Co.*, 20 Fed. Rep. 494; *Muskegon Nat. Bank* v. *Northwestern Mut. Ins. Co.*, 19 Fed. Rep. 405; *Gilmer* v. *City of Grand Rapids*, 16 Fed. Rep. 708.

The motion is denied.