SAWYER SPINDLE CO. *v.* EUREKA SPINDLE CO.

*(Circuit Court, D. Massachusetts.* February 7, 1888.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SPINDLES.
   Under reissued letters patent No. 10,288, for improvements in spindle bearings, plaintiff claimed a device consisting of a rigid step and yielding bolster bearing, giving the spindle a free lateral motion. *Held,* that defendant's device, which consists of a yielding step and rigid bolster bearing, securing the same lateral motion, is an infringement of plaintiff's claim.

2. SAME—REISSUE—CORRECTION OF ERROR.
   Where a patent was reissued with enlarged claims, and a second reissue was afterwards taken to correct an error in the first, the patentee does not forfeit his right to claim his original invention.

In Equity. Bill for Injunction.
*B. F. Thurston* and *Livermore & Fish*, for complainant.
*John Lowell*, for defendant.

COLT, J. This suit is brought upon reissued letters patent No. 10,288, dated February 20, 1883, granted to J. Birkenhead for improvements in spindle bearings for spinning machines. The original patent bears date July 9, 1878, and it was first reissued, with enlarged claims, November 23, 1880; the second reissue, now in suit, was taken out to correct the invalidity of the first, and it is *verbatim* the same as the original patent. This last action was taken under the advice of counsel after the decision

of the supreme court in *Miller* v. *Brass Co.*, 104 U. S. 350. I think it may be fairly said that the second reissue was obtained to correct the invalidity, or the error, or mistake in the first reissue. I see no good ground for saying that the patentee has forfeited his right to claim his original invention by reason of what has taken place.

Ordinary spindles have two bearings,—one which receives the bottom of the spindle, and is called the "step," and the other, which encloses the spindle proper at some distance above the step, and is called the "bolster bearing." The specification says:

"It has been found in practice that with a rigid bolster the spindle does not operate so well, and is more liable to wear the bearing of the bolster than is the case with a bolster that is elastic, or can spring laterally a little. Consequently I have so constructed the bolster, which, as shown, is directly fixed to or combined with the step. Thus the step and bolster bearing have what may be termed an 'elastic connection' to operate as described, the rigid guard surrounding this connection answering to limit the lateral movement of the bolster while the spindle may be revolving; or any force may be applied to the spindle to cause it to bend the bolster laterally. What I claim as of my invention is as follows: (1) The combined step and elastic bolster substantially as and for use as described. (2) The combination of the oil-receiver with the connected step and the elastic bolster, essentially as specified."

The remaining claims are not in controversy.

The distinguishing feature of this class of spindles is the yielding of one or both of the bearings laterally to an extent which is greater than the play allowed in the common spindle. They are sometimes called self-centering spindles by reason of the belief that, under an unbalanced load, they revolved on a new axis of rotation out of the perpendicular, because they were free to move in their bearings, which movement would be found impossible in rigid bearings. While yielding, lateral bearings were old at the time of the invention of Birkenhead, he seems to have been the first to apply a bearing yielding in all directions to a spinning-frame having a single bolster-rail and no stop-rail. The defendant's spindle is called the "Eureka," and it embraces the same spindle, sleeve, and whirl as is found in the Birkenhead, and the device is used in a frame in which the bolster-bearing and step-bearing are supported by one rail only. The tube of the Eureka is also made up of a step, elastic connection, and bolster, and it occupies the same position exactly in the Eureka that it does in the Birkenhead, only in the Birkenhead the step is made fast to the containing tube, and the bolster-bearing allowed slightly to vibrate, while in the Eureka the bolster-bearing is made fast to the containing tube, and the step can slightly vibrate. In both, the bolster-bearing and the step can get slightly out of the perpendicular line with each other so as to permit the spindle to run with its axis at a slight inclination from the perpendicular, and in both the action of the spindle, when tending to gyrate, is restrained by the elastic connection between the two bearings. The Birkenhead patent describes the whole of the tube above the step as the elastic bolster, and then divides that into the bolster-bearing, which is the top of the tube, and the elastic connection, which is the slotted part of the tube, between the step and the bolster-bearing. The

devices which compose the first claim are, therefore, the step, elastic connection, and bolster, and the question is whether these devices, substantially, are not found in the Eureka spindle. I am of opinion that they are. It seems to me that both machines are substantially the same and operate substantially the same way. The fact that in the Eureka the step moves with reference to the bolster-bearing, and in the Birkenhead the bolster-bearing moves with reference to the step, is not such a change as should relieve the defendant from the charge of infringement.

The object of this invention was to obtain an elastic bearing. The tube is composed of the step, the elastic connection, and the bolster-bearing, as seen in Figs. 5 and 6 of the patent. To hold that the insertion of this tube in the machine so that the step becomes elastic instead of the bolster-bearing is no infringement because the claim says "elastic bolster," would, it seems to me, be giving too narrow a construction to the claim. Stress is laid upon the circumstance that, in the correspondence which took place with the patent office, Mr. Eddy, for the patentee, admitted that the step is practically non-elastic, the bolster being elastic only. But this was simply according to the fact, and we find that the whole object of this correspondence was to make the terms of the claims correspond with the terms used in the description of the structure in the specification. I am unable to see how this amounted to any such disclaimer on the part of the patentee as to preclude his recovery in the present case.

If the first claim is infringed, so is the second, which is like the first, with the addition of the oil reservoir, which is found of substantially the same construction in the defendant's device. The position of the defendant that the spindle tips less with a yielding step and fixed bolster than with a fixed step and yielding bolster does not seem to have been made out. There is quite a conflict of evidence as to the precise difference in the working of the Birkenhead and the Eureka spindles under the varying conditions of unbalanced loads, and in view of all the evidence, I think it safe to conclude that there is no marked distinction between the two. I am of opinion that the defendant's machine infringes the first and second claims of the Birkenhead patents, and that the complainant is entitled to recover accordingly. Decree for complainant.