[No. 848. Decided May 31, 1893.]

JACOB BERNHARD, *Respondent*, v. CHARLES S. REEVES, *Appellant*.

NEGLIGENCE — DEFECTIVE WATER CLOSET — PLEADING — INSTRUCTIONS — DISMISSAL OF ACTION.

In an action for damages caused by the leakage of water from a water closet, where, under the pleadings, no question is raised as to the manner in which the plumbing had been originally done, nor as to the make or construction of the water closet, it is prejudicial error to charge the jury that, unless the best kind of closet known at the time was placed in the building by the defendant, the jury may from that fact alone find him guilty of negligence.

Where, under all the evidence, it appears that the defendant was entitled to have the jury instructed to find a verdict in his favor, the supreme court will, on reversal of the judgment on appeal, direct a dismissal of the action.

*Appeal from Superior Court, Pierce County.*

*Best & Munn*, for appellant.

*Doolittle & Fogg*, and *Charles O. Bates*, for respondent.

The opinion of the court was delivered by

HOYT, J.— During the progress of the trial of this case a wide range of testimony was allowed to be introduced,

and in the instructions given to the jury the court attempted
to cover the questions of law properly to be submitted to
the jury upon the testimony thus introduced, without in any
way limiting such instructions to the issues made by the
pleadings. Under such pleadings there was no question
whatever raised as to the manner in which the plumbing
had been originally done, nor as to the make or construc-
tion of the water closet. The only allegation in plaintiff's
complaint in regard thereto was that such closet was out
of repair. Not only was there no attempt to allege any
fault in the original construction, but, inferentially, there
was an assertion that it was originally what it should have
been, by the statement in the complaint that connections
with the water pipes were made in the usual manner. This
allegation, in connection with the further one that the closet
was out of repair, certainly could not furnish any founda-
tion for proof that the closet was not of the proper make,
or was in any manner in its original construction defective.
The court, however, instructed the jury that, unless the best
kind of closet known at the time was placed in the build-
ing by the defendant, the jury might from that fact alone
find him guilty of negligence. This instruction would have
been too broad if within the issues made by the pleadings,
and, as the jury may have founded their verdict upon this
particular instruction, the appellant would have been en-
titled to a reversal; and for the greater reason was the giv-
ing of such instruction prejudicial error when we take into
consideration the fact that, under the pleadings, neither the
court nor jury had anything to do with the character or
kind of closet placed in the building.

Appellant, however, is not content to take simply a judg-
ment of reversal. He claims that, under all the proof in
the case, he was entitled to have the jury instructed to find
a verdict for the defendant, and that even if it be held that,
when he went into his defense, he waived his motion for a

non-suit, made at the termination of the plaintiff's case, still he is entitled to the benefit thereof if, when the evidence was closed, the proof, taken as a whole, did not make a *prima facie* case for the plaintiff. We agree with this contention, and it therefore becomes necessary for us to consider whether or not there was sufficient proof of any fact which would have constituted negligence on the part of the defendant to have entitled the determination of such fact to be submitted to the jury. We have carefully examined all the proof offered, and are unable to find any sufficient proof of the negligence of the defendant to establish a *prima facie* case. There is substantially no proof of anything tending in the most remote degree to show negligence on the part of the defendant, excepting the fact that on the occasion which formed the foundation of the complaint, and upon two other occasions, there had been leakage from this closet. But we are unable to see how these facts alone tended to show negligence on the part of the defendant, when the fact is assumed, as it must be under these pleadings, that the closet was of an approved make, and properly placed in the building. Such proof, at most, could only show that at these particular times the closet was out of repair; and, in view of the evidence as to how these leakages may occur, it is doubtful whether the simple fact of such leakage was sufficient to show that fact. But, assuming that it was, there is nothing whatever to show that the defendant did not give it such attention and care as was reasonable under all the circumstances of the case, or that he knowingly allowed it to be out of repair for a single moment. We are not prepared to hold, as suggested by the respondent, that, in the ordinary use for domestic purposes of such a necessity as water, such use is of such a dangerous nature that if injury is occasioned thereby, it will be presumed to have been occasioned by the negligence of the user. On the contrary, we think that a com-

mon and ordinary usage of such a necessary element is a strictly lawful one, and the usual rule as to such matters will obtain, and the negligence resulting from injury have to be proven as a part of the plaintiff's case when he seeks to recover damages therefor. But, even if such rule was applied to the facts in this case, it is doubtful whether or not the evidence was such that there was any question to submit to the jury. Taking all the testimony together, it appears that the defendant was not guilty of any negligence. On the contrary, it affirmatively appears therefrom that he had used ordinary care in attending to and managing the closet in question. It follows that the defendant was entitled to have had the jury instructed to find a verdict in his favor; and, as for that reason there should be no new trial, the judgment will be reversed, and the cause remanded, with instructions to dismiss the action.

SCOTT, ANDERS and STILES, JJ., concur.

DUNBAR, C. J., dissents.

6    427
7     73
7    191
33*1059
34*  560
34*  915

6    427
12   366
13   143
13   154
13   513

6    427
16   389

6    427
f29  410