## CARTER v. WELLS, FARGO & CO.

### (Circuit Court, S. D. California. December 10, 1894.)

### No. 561.

NEW TRIAL—INADEQUACY OF DAMAGES.

 Where, in an action for personal injuries, the jury finds, in effect, that the plaintiff has been injured through the negligence of the defendant, without any contributory negligence on his own part, and the evidence, without conflict, shows that his injuries were substantial, yet the jury awards him practically no damages at all, the verdict will be set aside and a new trial awarded.

This was an action by James A. Carter against Wells, Fargo & Co. for damages for personal injuries. The jury gave a verdict for the plaintiff for one dollar. Plaintiff moves for a new trial.

Wellborn & Hutton, for plaintiff.

Pillsbury, Blanding & Hayne and Graves, O'Melveny & Shankland, for defendant.

ROSS, District Judge. This action was brought to recover damages in the amount of $10,000 for personal injuries alleged to have been sustained by the plaintiff by the negligence of the defendant. The verdict of the jury in favor of the plaintiff necessarily included a finding that the defendant was negligent, and that there was no contributory negligence on plaintiff's part, as set up in defense of the action. There was much evidence in the case tending to show that there was no negligence on the part of the defendant, and, further, that there was such contributory negligence on plaintiff's part as should prevent a recovery by him; and, had the verdict been in favor of the defendant on either or both of those propositions, there would be no interference with it by the court, for the evidence in respect to those matters was substantially conflicting, and the issues in respect thereto were for the determination of the jury, under appropriate instructions from the court, which were given. But the verdict being, in effect, that plaintiff was injured by the defendant's negligence, without contributory negligence on his own part, he was manifestly entitled at the hands of the jury to substantial damages. The evidence was without conflict that the collision which caused the plaintiff's injury threw him from a scaffold eight or ten feet high (on which he was at the time working, for two dollars per day) to the ground, his head and shoulder striking on a large rock, from which he was picked up in an unconscious condition; and that, after regaining consciousness, he was carried to the county hospital, where he remained about five weeks, two weeks of which time he was confined to his bed. These facts of themselves entitled the plaintiff, under the verdict, to substantial damages, and not to the merely nominal sum of one dollar. The head and neck of the plaintiff were, at the time of the trial, much bent to one side, and his walk was that of a paralytic. The defendant introduced many witnesses who testified that his appearance and movements were about the same prior to the injury complained of as they were at the time of the trial, and that they could see no difference in them. This testimony on the part of the defendant was

controverted by many witnesses for the plaintiff. The exhibition, however, that was made of the plaintiff's person in court, and the tests that were there made by Dr. Hughes, amounted, I think, to ocular demonstration of the fact that the plaintiff could not possibly have at that time stood upon the plank and performed the work the evidence without conflict showed that he was doing at the time of the accident.

Accepting, as the court must for the purposes of this motion, the facts to be that the plaintiff, without fault of his own, was injured by the negligence of the defendant, it cannot permit a verdict to stand that awards him damages in name only. While the court should and always will be careful not to usurp the functions of the jury, it is, nevertheless, its duty to protect parties from improper verdicts, rendered through misconception, prejudice, passion, or other wrong influences. Lancaster v. Steamship Co., 26 Fed. 233; Gaither v. Railroad Co., 27 Fed. 545; Muskegon Nat. Bank v. Northwestern Mut. Life Ins. Co., 19 Fed. 405; Kirkpatrick v. Adams, 20 Fed. 292. In Field on Damages (page 886) it is said:

"It is less usual for the court to interfere with the finding of the jury for inadequate than for excessive damages, though it has the power to do so. * * * But a verdict may generally be set aside for inadequacy, upon the same grounds that warrant the court in interfering where they are excessive."

To the same effect is Gaither v. Railroad Co., 27 Fed. 545.

And in Sedgwick on Damages (volume 2, p. 656) it is said:

"The forbearance of the court to interfere with the jury is so great that, in actions of tort, the general rule is that a new trial will not be granted for smallness of damages. But it seems that if the jury so far disregard the justice of the case as to give no damages at all where some redress is clearly due, the court will interpose. So where, in a case for negligence for defendant's servant driving against the plaintiff, it appeared that the plaintiff's thigh was broken, and considerable expense incurred for surgical treatment; the plaintiff obtained a verdict, damages one farthing; a new trial was granted on payment of costs; and Lord Denman said: 'A new trial on a mere difference of opinion as to amount, may not be grantable; but here are no damages at all.'"

In the present case the amount awarded the plaintiff by the jury was practically no damages at all; yet the jury at the same time found, in effect, that the plaintiff was injured through the negligence of the defendant, without any contributory negligence on his own part. The evidence, without conflict, showed that his injuries by the fall were such as, under those circumstances, entitled him to substantial damages. For these reasons the motion for a new trial is granted.