CHARLES F. YOUNG v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 1, 1900.

Nos. 12,029—(27).

### Personal Injury—Inadequate Damages—New Trial.

*Held*, that if the court below was of the opinion on the evidence that plaintiff was not entitled to recover in this action,—and it might well have been of such opinion,—it committed no error when it denied his motion for a new trial on the ground that the damages awarded by the verdict were inadequate and insufficient.

[1] Reported in 83 N. W. 32.

Action in the district court for Stearns county to recover $25,000 for personal injuries. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Hendrix & Merritt, Calhoun & Bennett,* and *Frawley, Bundy & Wilcox,* for appellant.

*C. Wellington,* for respondent.

COLLINS, J.

This is an appeal from an order of the court below refusing to grant plaintiff's motion for a new trial upon the ground, as set forth in the motion, that the damages as found by the verdict were inadequate and insufficient.

The facts were that the plaintiff and his "partner" were trespassing upon one of defendant's freight trains. They had beaten their way from St. Paul and Minneapolis, upon two different trains, as far as Sauk Center, about one hundred twenty miles, and were going west. Early in the morning, at Sauk Center, they stowed themselves into a freight car loaded with steel rails. A brakeman discovered and ordered them from the train at a point a short distance beyond the station, and when the train was proceeding very slowly. The plaintiff's partner got off safely, and immediately crawled upon the truss rods of the freight car next behind the one on which they had been riding. On discovering that plaintiff was injured, he crawled out again, without trouble or injury, and went to his aid. The plaintiff claims that while attempting to get off himself he was kicked by the brakeman, so that he had to let go of a rod, and thereby fell to the ground. It stands admitted that almost immediately after he got off or fell to the ground his arm was run over by a car wheel, and that amputation above the elbow resulted.

The verdict was for $500, obviously an inadequate and insufficient amount if he was entitled to recover at all. But simply because the recovery was for a small sum of money it does not follow that the court below was wrong when it refused to set the verdict aside and grant a new trial upon the ground mentioned in the motion.

It does not follow that the court was required to grant a new trial because the damages did not equal the actual pecuniary injury sustained.   Had the verdict been for a sufficient amount of money, and had the defendant asked that it be set aside because it was not supported by the evidence, and had the court sustained this motion and granted a new trial, its action would have been promptly sustained by this court.   We are satisfied from the evidence that the jury failed to do its duty when it returned a verdict for the plaintiff in any sum whatsoever.   Taking facts which are beyond dispute in the case, it is very clear to us that the plaintiff was not injured through any fault of the defendant's brakeman, but received his injury in some undisclosed manner, for which defendant was not shown to be responsible.   So, if the court below was of the opinion —and it might well have been of such opinion—that plaintiff was not entitled to any verdict under the evidence, the ruling was correct, and it stands approved.   See Hubbard v. Town, 64 Iowa, 245, 20 N. W. 172; O'Malley v. Chicago, 30 Ill. App. 309.

Order affirmed.