## CLARA FISCHER v. JOHN McGRATH and Another.[1]

December 2, 1910.

Nos. 16,735—(85).

**Negligence in management of automobile.**

Action for damages sustained by the plaintiff by reason of the alleged negligence of the defendant in starting the machinery of his automobile, standing in a country highway, as she was about to pass it with her horse and buggy, without warning her of his purpose so to do. *Held*, that the question of his negligence was for the jury.

Action in the district court for Clay county against John McGrath and Leo McGrath to recover $1,100 for personal injuries sustained through careless operation of an automobile owned by John McGrath and operated by Leo McGrath. The answer alleged that plaintiff's injuries resulted from her own want of care. The reply was a general denial. The court granted defendant's motion to dismiss and in connection therewith said: "The one operating an automobile, or horse and buggy, or anything else, is not an insurer against accidents. In order to hold them there must be some evi-

[1]Reported in 128 N. W. 579.

[Note]   As to duty and liability of operator of automobile with respect to horses encountered on the highway, see note in 14 L.R.A.(N.S.) 251.

dence that they have done some negligent act. I fail to .find any evidence of that kind in this case whatever. I have watched it very carefully with that in view all the way through, and I have not seen any evidence tending to show negligence. The mere fact of starting up the machine I do not think is evidence—or any evidence—of negligence. All that was done in this case was to start the motor; the mere fact of doing it, I do not think is any evidence of negligence and for that reason this case is dismissed." From an order, Taylor, J., denying plaintiff's motion for a new trial, she appealed. Reversed and new trial granted.

*Nye & Dosland,* for appellant.

*C. S. Marden* and *W. B. Douglas,* for respondents.

START, C. J.

Action to recover damages for personal injuries sustained by the plaintiff by reason of the defendant's alleged negligence in the management of his automobile on the public highway. The cause was tried in the district court of the county of Clay, and at the close of plaintiff's evidence the trial judge, on motion of defendant, dismissed the action, on the ground that the evidence showed no negligence on the part of the defendant. The plaintiff appealed from an order denying her motion for a new trial.

The record presents simply the question whether the action was rightly dismissed for the reason stated, or, in other words, whether the question of the defendant's negligence was made, by the evidence, one for the jury or the judge. Negligence is always a question for the jury, except in cases where the evidence is so conclusive that fair-minded men cannot reasonably draw different conclusions therefrom. There was evidence in this case, taking the most favorable view of it for the plaintiff, as we must for the purposes of this appeal, fairly tending to show the facts following:

The plaintiff was a young woman twenty-four years of age, accustomed to farm work in and out of doors, and to driving horses on the farm and highway, and to meeting automobiles. On May 28, 1909, she was driving a single buggy drawn by a gentle horse along a country highway, when at a distance of some eighty rods she saw

the defendant standing by his automobile on the highway. He was on his knees, looking at the machine. Two young ladies were standing near it. The plaintiff, not having any reason to anticipate trouble in passing the stationary automobile, kept on her way. When she was within some twenty-five feet of it, and about to pass it, the defendant stood looking at it, and the two ladies were standing near its front end. As the plaintiff drove along, without giving either hint or signal that she wished to pass, the defendant, without giving any warning, suddenly started his motor, which caused the usual nerve-wrecking noise made by an automobile when cranked. The horse, frightened by the noise, whirled to the left, whereby the plaintiff was thrown into the ditch and seriously injured. It may be fairly inferred from the evidence that the defendant did not look or do anything to ascertain if any teams were approaching before he started to crank his machine.

Is the evidence tending to support these facts so conclusive that the defendant was free from any negligence in the premises that fair-minded men might not reasonably draw different conclusions?

We agree with the learned trial judge and counsel for defendant that the defendant had a right to stop his automobile on the highway for a reasonable time to adjust it, and to start his motor on the highway, and that the mere fact of starting it was not evidence of negligence. The mere starting of the motor, however, was not the negligence charged in the complaint, which alleged that machinery of the automobile was suddenly and negligently set in motion without warning to the plaintiff. The failure to warn the plaintiff of his intention to start the motor is the gist of the plaintiff's alleged cause of action.

We are of the opinion that it was a question for the jury to decide, in view of the time, place, and circumstances of the accident, whether in the exercise of due care the defendant ought to have known that the plaintiff was about to pass him, and either waited until she had passed him before cranking his motor or warned her of his purpose so to do. Therefore the court erred in not submitting the case to the jury.

Order reversed, and a new trial granted.