VANEK v. CHICAGO GREAT WESTERN R. CO.

(District Court, N. D. Iowa, E. D., at Dubuque.   September 25, 1918.)

No. 142.

NEW TRIAL ⟲75(5)—INADEQUATE DAMAGES.

Where, in action for destruction, by railroad car, of auto, and killing of its driver, contributory negligence might well have been found, plaintiff will not be given new trial because of verdict for $1; it not clearly indicating finding of absence of contributory negligence, and inadequate damages from prejudice, passion, or misconduct.

At Law.   Action by Thomas Vanek, administrator of Adolph T. Zemanek, deceased, against the Chicago Great Western Railroad Company.   On plaintiff's motion for new trial.   Denied.

F. B. Blair, of Manchester, Iowa, and Trewin, Simmons & Trewin, of Cedar Rapids, Iowa, for plaintiff.

Geo. T. Lyon, of Dubuque, Iowa, and Carr, Carr & Evans, of Des Moines, Iowa, for defendant.

REED, District Judge.   The plaintiff, as administrator of the estate of Adolph T. Zemanek, deceased, sued the defendant railroad company for its alleged negligence in causing the death of plaintiff's intestate and the destruction of his automobile.   A trial to a jury resulted in a verdict in favor of the plaintiff for $1, and plaintiff moves for a new trial solely on the ground of the inadequacy of the verdict.

The negligence of which the plaintiff complains is that the motoneer or engineer of a motor car of the defendant, which it was operating on its railroad, was driven by the motoneer at a dangerous and excessive rate of speed upon the railroad where it crosses a public highway in Delaware county, this state, and collided with an automobile the deceased was driving on such highway over the railroad crossing, demolishing the automobile and killing the plaintiff's intestate, to the damage of his estate, in the sum of $300 as the value of the automobile and $15,000 for his untimely death.   In its answer the defendant denies all negligence upon its part and of its motoneer, and alleges that the deceased was guilty of negligence which directly contributed to the injuries of which the plaintiff complains.   At the close of the testimony the defendant moved for a directed verdict in its favor, upon the ground that the evidence conclusively shows that the accident and resulting injury to the deceased and his property arose from his own neglect, which directly contributed to his death and the destruction of his automobile.   This was the principal question on the trial, for the evidence as to defendant's neglect, and that of its motoneer, was amply sufficient to take that question to the jury.

At the place of the accident the railroad runs east and west, and the highway north and south.   The deceased approached the railroad from the south in the forenoon of a clear day in August, 1917;

and from a point on the highway a mile south of the railroad the crossing was in plain view, and so was the railroad for more than a mile to the west and until within about 30 rods of the railroad crossing, and from that point trees and some brush along the highway partially obscured the view of the railroad to the west until within 30 feet or so of the crossing, from which distance of 30 feet there was a plain view of the crossing, and of the railroad to the west for a distance of more than a mile; the grade of the railroad being some feet above the level of the highway. The deceased was of middle age, in robust health, in full possession of his sight and hearing, familiar with the railroad and highway where they cross each other, and as he arrived within the 30 feet of the railroad, had he looked to the left, there was nothing to obscure his view of the railroad upon which the motor car was approaching, and as he drove the automobile upon the track it was struck by the motor car, which carried it several rods along the railroad to the east, demolishing it, and injuring the deceased to such an extent that he died shortly thereafter. This is a brief statement of the testimony upon which the question of the contributory negligence of the deceased was submitted to the jury under an instruction (to which no exception was taken):

"That if the jury found from the evidence that the deceased was guilty of negligence that in any degree contributed to the accident, which resulted in his death and the destruction of the automobile, the plaintiff cannot recover, and your verdict must be for the defendant; but if you find from the evidence that the deceased was not so guilty of negligence, then the plaintiff would be entitled to recover from the defendant, for the benefit of the estate, the damage to the automobile and because of the untimely death of the deceased, as shown by the evidence."

The plaintiff contends that the verdict of $1 in his favor is conclusive that the jury found the deceased was free from contributory negligence, and, having so found, that its verdict should have been for the plaintiff in a substantial amount, instead of a mere nominal sum. If it could be fairly said that the verdict established that the deceased was not guilty of contributory negligence, the contention of the plaintiff might be upheld; but the verdict is conclusive that the plaintiff was not, under the testimony and instructions, entitled to recover any damages, and the only reasonable inference is that they found deceased was guilty of contributory negligence, and upon that question the finding was in fact for the defendant; but the defendant or its motoneer, under the testimony, was also negligent, and the jury might well have believed that defendant should pay the costs of the action, and that a verdict of $1 would authorize the court to tax the costs to the defendant. This inference is more reasonable than that the jury deliberately intended to disregard the testimony and the court's instructions.

The deceased left no wife, child, parent, or other dependent relative surviving him, but only collateral heirs; and it is obvious that the jury did not intend to allow the plaintiff any substantial damages, and allowed only a sum that would authorize a judgment against the defendant for costs. But, whatever may have prompted the verdict for $1, it is the settled rule of the federal courts that dis-

puted questions of fact are to be found by the jury, and such findings will not be disturbed by the court, unless it was the result of passion, prejudice, or some manifest misconduct. It cannot fairly be said that this verdict of $1, under the circumstances of this case, indicates either passion, prejudice, or misconduct on the part of the jury; it is more indicative of a purpose to authorize a judgment for costs only against the defendant, which might prove acceptable to the parties and thus end this controversy. See Kelley v. Penn Ry. (C. C.) 33 Fed. 856. If the verdict in this case had been for the defendant, that finding would have had ample support in the testimony, upon the ground that the deceased was guilty of contributory negligence; and it is quite obvious that the verdict of $1 was to carry the costs against the defendant, and so long as it does not complain the verdict should not be set aside at the instance of the plaintiff.

The plaintiff cites in support of his contention Schrader v. Hoover, 87 Iowa, 654, 54 N. W. 463, Tathwell v. City of Cedar Rapids, 122 Iowa, 50, 97 N. W. 96, and Carter v. Wells Fargo & Co. (C. C.) 64 Fed. 1005. In the Iowa cases the verdicts were set aside by the trial court and were affirmed by the Supreme Court upon the well-settled rule in Iowa that the discretion of the trial court in interfering with verdicts will not ordinarily be disturbed by the appellate court. It may be conceded that Carter v. Wells Fargo & Co. (C. C.) 64 Fed. 1005, supports the plaintiff's contention. But as against that we may cite Reading v. Tex. & Pac. Co. (C. C.) 4 Fed. 134; Lancaster v. Providence & S. S. Co. (C. C.) 26 Fed. 233; Olek v. Fern Rock Woolen Mills (C. C.) 180 Fed. 117; Hubbard v. Mason City, 64 Iowa, 245, 20 N. W. 172; Talty v. City of Atlantic, 92 Iowa, 135, 60 N. W. 516; Young v. Great Northern Ry. Co., 80 Minn. 123, 83 N. W. 32. The rule of the federal courts is fairly stated in Lancaster v. Providence & S. S. Co. (C. C.) 26 Fed. 233, 234, where it is said of the evidence in that case:

"The evidence would warrant a much larger verdict beyond a doubt. Indeed, it may be said that, had the assessment been made by the court, the recovery would have been considerably in excess of the sum awarded by the jury. But the question of damages was for the jury. A wide discretion was allowed them, and the court should be clearly convinced of the rectitude of its position before trespassing upon their peculiar domain. * * * The verdict should not be disturbed, even though the court may regard it as inadequate, unless something is shown which indicates that the jury were actuated by passion, prejudice, or corrupt motive, or that they made an important and manifest mistake. There is nothing here upon which to found such a conclusion—[citing authorities]."

The practice, especially of the federal courts, to not interfere with findings of juries on questions of fact, unless prompted by prejudice or manifest misconduct is well settled. See Fox v. Chicago Great Western R. R. (D. C.) 207 Fed. 886.

The motion for new trial is denied, and plaintiff excepts. It is ordered accordingly.