[No. 17537.    Department Two.    April 19, 1923.]

FRED ADAMS, *by his Guardian ad Litem Blanche Tabert et al., Respondents,* v. ANDERSON & MIDDLETON LUMBER COMPANY, *Appellant.*[1]

APPEAL (413)—REVIEW—VERDICT. The evidence to support a verdict must be substantial, this state having discarded the scintilla-of-evidence doctrine.

MUNICIPAL CORPORATIONS (389)—USE OF STREETS—NEGLIGENCE—CAUSE OF INJURY—EVIDENCE—SUFFICIENCY. There is no substantial evidence to sustain a verdict based on the fact that the standards or uprights used for holding wood in place on a wood truck extended out over the pavement and struck a boy nine years old, who fell under the truck, where his testimony, until after a recess during which he talked with his mother, was that he was struck by something, he did not know what, and it appears that another boy walking in front of him closer to the pavement, was not struck by the truck.

APPEAL (387)—NEW TRIAL (24-1)—PARTIES ENTITLED TO ALLEGE ERROR—ESTOPPEL BY PROCEEDINGS—NEW TRIAL FOR INADEQUATE DAMAGES. Where, in an action for personal injuries, there was no sufficient evidence to take the case to the jury, it is error to grant plaintiff a new trial on the ground of inadequacy of damages, which defendant may take advantage of on appeal from the order without appealing from a judgment entered on the verdict.

Appeal from an order of the superior court for Grays Harbor county, Sheeks, J., entered June 9, 1922, granting a new trial for inadequacy of damages awarded by a jury, in an action for personal injuries sustained by a minor struck by an auto truck. Reversed.

*Theodore B. Bruener,* for appellant.

MAIN, C. J.—This is an action brought by Fred Adams, a boy nine years of age, seeking to recover damages for personal injuries claimed to have been

[1]Reported in 214 Pac. 835.

caused by negligence chargeable to the defendant. The mother of the boy joined in the same action to recover hospital and medical expenses. The answer was in substance a general denial, with an affirmative plea of contributory negligence. The cause was tried to the court and a jury. The defendant seasonably challenged the sufficiency of the evidence to sustain a recovery. The jury returned a verdict in favor of the boy in the sum of $665, as compensation for his injuries, and a verdict in favor of the mother in the sum of $360, the amount of the hospital and medical expenses incurred. The defendant did not move for a new trial, but moved for a judgment notwithstanding the verdict, which motion was denied. The minor boy moved for a new trial, which was granted upon the ground that the damages awarded were inadequate. The mother did not move for a new trial. The trial court entered an order granting a new trial to the minor on the ground of the inadequacy of the damages awarded by the jury. The defendant appealed from the order granting a new trial, but did not appeal from the order refusing to grant a judgment notwithstanding the verdict.

The accident happened on West Boulevard, which is a paved highway in the city of Aberdeen. The respondent Fred Adams, together with three other boys of approximately his age, was returning from school, going in an easterly direction. The respondent was walking about a foot from the pavement, on the gravel. Two of the boys were playing around a telephone pole, and the fourth one was walking behind the respondent and a little closer to the pavement. A wood truck, which was not loaded at the time, owned by the appellant, was proceeding east and was a foot or two from the edge of the pavement alongside of which the boys

were walking on the gravel. As the truck approached, the boys saw it and one or more of them called to the driver for a ride, but the truck was not stopped and the driver indicated his disapproval of taking them on. Just as the truck was about opposite the respondent, for some reason he pitched forward and stumbled upon the edge of the pavement and fell in such a manner that his left arm was run over by the right hind wheel of the truck and he sustained a serious injury.

Upon the trial, all four of the boys testified. The respondent said that something hit him on the right hip, which caused him to pitch forward and fall, but that he did not know what it was. The three other boys testified that they did not know what caused the respondent to fall, as their first notice of him was when he was in the act of falling. After this testimony was in, the court adjourned for the noon recess, and at the afternoon session the respondent was again placed on the stand. He then testified that something on the truck hit him, and on cross-examination stated that it was one of the standards or uprights, used for holding the wood in place when the truck was loaded, which he said was extending out from the truck at right angles. Questioned as to why he had not made this statement before, he said that, during the noon recess, he had been talking with his mother and that, after thinking a moment, he remembered it. As the evidence stood at the noon adjournment, clearly no case was made for the jury. The respondent repeatedly stated that he did not know what struck him, and the other boys testified that they did not know.

The first question then is, did the testimony of the respondent, which he gave at the afternoon session of the court, make a case for the jury? This court has discarded the scintilla-of-evidence doctrine and has

held that the evidence sufficient to support a verdict must be substantial. *Ziomko v. Puget Sound Elec. R.,* 112 Wash. 426, 192 Pac. 1009.

In considering whether the evidence was sufficient to take the case to the jury, only that of the respondent is material. There is another fact that must not be lost sight of, and that is that one of the other boys was walking behind the respondent and a little closer to the pavement, and if the standard had been extending out as the respondent testified after the noon recess, it would have struck the other boy first. Taking into consideration all the facts and circumstances as they appear in the respondent's case, it cannot be said that there was here substantial evidence to sustain the verdict of the jury.

The next question is whether the appellant has a right, not having appealed from the denial of the motion for judgment notwithstanding the verdict, to urge the insufficiency of the evidence against the order of the trial court granting the motion for a new trial. If the evidence was not sufficient to take the case to the jury, the respondent was not entitled to a new trial on the ground of the inadequacy of the damages. The rule supported by the authorities appears to be that, where there is not evidence sufficient to take a case to the jury, it is error for the trial court to grant a motion for a new trial upon the ground of the inadequacy of the damages, and that the party against whom the verdict is rendered has the right to urge this, even though he could not appeal from the denial of the motion for judgment notwithstanding the verdict. *Young v. Great Northern R. Co.,* 80 Minn. 123, 83 N. W. 32; *Reading v. Texas & Pacific R. Co.,* 4 Fed. 134.

The evidence not being sufficient to take the case to the jury upon the question of the primary liability, it

was error for the trial court to grant a new trial because of the inadequacy of the damages.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment upon the verdict.

FULLERTON, PARKER, TOLMAN, and PEMBERTON, JJ., concur.