[No. 17537.  *En Banc.*  January 2, 1924.]

FRED ADAMS, *by his Guardian ad Litem Blanche Tabert,
et al., Respondents,* v. ANDERSON & MIDDLETON
LUMBER COMPANY, *Appellant.*[1]

APPEAL (480)—DECISION—SCOPE AND EXTENT OF RELIEF—TO DEFENDANT—DISMISSAL.  Where it was error to grant a motion for a new trial on the ground of inadequacy of damages, because there was not sufficient evidence to take the case to the jury, the appellant was entitled to have its motion for judgment notwithstanding the verdict sustained, and the supreme court will order the action dismissed.

Appeal from an order of the superior court for Grays Harbor county, Sheeks, J., entered June 9, 1922, granting a new trial for inadequacy of damages awarded by a jury, in an action for personal injuries sustained by a minor struck by an auto truck. Remanded for judgment of dismissal.

*Theodore B. Bruener,* for appellant.

ON REHEARING.

MAIN, C. J.—In the original opinion in this case, 124 Wash. 356, 214 Pac. 835, there is an improvident expression or two contained in the recitals which might be construed as indicating that the defendant had the right to appeal from the denial of its motion for judgment notwithstanding the verdict. In order that there may be no misunderstanding, it should be here stated that it was not the intention to so hold in that case. The question was not there involved and was only incidentally referred to. It is the rule that an appeal does not lie from the denial of a motion for judgment notwithstanding the verdict, but that the ruling of the trial court in this respect will be reviewed upon an appeal from the final judgment. *Windt v. Banniza,* 2

[1] Reported in 221 Pac. 993.

Wash. 147, 26 Pac. 189; *Schlotfeldt v. Bull,* 13 Wash.
242, 54 Pac. 33; *Crooks v. Rust,* 125 Wash. 563, 216
Pac. 869.

Where, however, as pointed out in the Departmental
opinion, there is not sufficient evidence to take a case to
the jury, it is error for the trial court to grant a motion
for a new trial upon the ground of the inadequacy of
the damages, and the party against whom the verdict
is rendered has the right to urge, upon the appeal from
the motion granting the new trial, the fact that there
was not evidence to take the case to the jury, even
though he could not appeal from the denial of the
motion for judgment notwithstanding the verdict.

Upon rehearing, a question was presented to which
our attention had not been directed at the time the
cause was heard by the Department. This question
was: What is the proper judgment to be entered in
the case? If it was error to grant the motion for a new
trial on the ground of the inadequacy of the damages
because there was not sufficient evidence to take the
case to the jury, there does not appear to be any good
reason why any other judgment should be directed
than that of a dismissal. It would serve no useful
purpose to send the case back to the superior court
with direction to overrule the motion for a new trial
and require the defendant to take another appeal from
the judgment entered upon the verdict. In *Larson v.
American Bridge Co.,* 40 Wash. 224, 82 Pac. 294, 111
Am. St. 904, the defendant challenged the sufficiency
of the evidence and moved for a judgment of dismissal.
The challenge and motion were denied and the cause
submitted to the jury. A verdict was returned in favor
of the plaintiff which was afterwards set aside and a
new trial granted. From the order granting a new
trial, the plaintiff appealed. It was there held that,
inasmuch as the evidence showed no cause of action

against the defendant, the cause should be remanded with instructions to dismiss. It was there said:

"Respondent asks, inasmuch as the evidence shows no cause of action against it, that the cause shall be remanded with instructions to dismiss the action. We think this request should be granted. Respondent was entitled at the trial to have its challenge to the evidence sustained, and it is still entitled to it. *Bernhard v. Reeves,* 6 Wash. 424, 33 Pac. 873.

"The action of the court in setting aside the verdict is affirmed; but the cause is remanded with instructions to vacate so much of the order as grants a new trial, and to enter a judgment dismissing the action."

Applying the rule of that case, the appellant was entitled to have its motion for judgment notwithstanding the verdict sustained, and is still entitled to it.

The direction given in the department opinion will be modified and the cause will be remanded to the superior court where a judgment will be entered dismissing the action.

PARKER, MITCHELL, BRIDGES, MACKINTOSH, TOLMAN, and HOLCOMB, JJ., concur.

FULLERTON, J., concurs in the result.