WILLIAM SHEARER v. H. P. PUENT AND ANOTHER.[1]

March 26, 1926.

No. 25,106.

**If appellant was negligent or if defendant was not negligent, former cannot recover on appeal on ground of inadequate verdict.**

1. A plaintiff who has recovered a verdict for personal injuries, and who appeals upon the ground that the verdict is inadequate, cannot prevail, though it is, if his own negligence contributed to his injury, nor unless the defendant was negligent; and upon the appeal the defendant may urge that no right of recovery was proved.

**Stretching chain at midnight across highway from overturned motor car to wrecking car not trespass.**

2. The plaintiff was called to the assistance of an automobile which had skidded and gone off the road. He was unable to get

[1]Reported in 208 N. W. 182.

it back by working on the side of the road on which it was. He fastened his wrecking car to a telephone pole on the opposite side of the highway, stretched a chain across the road to the car, and by the use of a windlass sought to pull it onto the grade. While he was so engaged the defendants drove their car onto the chain, causing the wrecking car to tip over, and the plaintiff was hurt. The plaintiff was not a trespasser in making such use of the highway, and whether he was negligent was for the jury.

**Question for jury.**
3. Whether the defendants were negligent was for the jury.

**Verdict inadequate.**
4. The amount of the verdict was inadequate.

Appeal and Error 4 C. J. p. 696 n. 7; p. 921 n. 68.
Damages 17 C. J. p. 1095 n. 87.
Motor Vehicles 28 Cyc. p. 37 n. 19, 21; p. 49 n. 46, 47.

---

See note in L. R. A. 1915F, 491. 8 R. C. L. p. 681; 2 R. C. L. Supp. p. 639; 4 R. C. L. Supp. p. 568; 5 R. C. L. Supp. p. 481.

Action in the district court for Lake county to recover for personal injuries. The case was tried before Grannis, J., and a jury which returned a verdict in favor of plaintiff. Plaintiff appealed from an order denying his motion for a new trial. Reversed.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for appellant.
*Baldwin, Baldwin, Holmes & Mayall,* for respondents.

Dibell, J.
Action to recover for personal injuries. There was a verdict for the plaintiff. He appeals from the order denying his motion for new trial upon the ground of inadequacy of damages.

1. Though the damages awarded are inadequate the plaintiff cannot prevail upon his appeal if the record presents no right of recovery; that is, if his own negligence contributed to the injury or if the defendants were not negligent. Young v. G. N. Ry. Co. 80 Minn. 123, 83 N. W. 32; Maki v. St. Luke's Hospital Assn. 122 Minn. 444, 142 N. W. 705. And it is the claim of the defendants

that the plaintiff was negligent, and that the evidence does not sustain a finding that they were.

The trial court held that the questions of negligence were for the jury.

2. About midnight of November 6, 1924, the plaintiff went with a wrecking car to the assistance of an automobile which had gone off the northerly side of the highway some ten miles beyond Duluth toward Two Harbors. He was unable to get the car back on the highway by working from the north side. He placed his wrecking car on the southerly side and chained the front end to a telephone pole. He then stretched a chain across the road, and attached it to the car off the highway, and by use of the windlass was working it back onto the grade. The defendants came with their car from Duluth, going to Two Harbors, and ran into the chain, tipping over the wrecking car, and injuring the plaintiff.

It is the claim of the defendants that the plaintiff was negligent in extending the chain across the highway. In assisting the wrecked auto the plaintiff was not making an improper use of the highway. He was not a trespasser. Fischer v. McGrath, 112 Minn. 456, 128 N. W. 579; Nye v. Dibley, 88 Minn. 465, 93 N. W. 524. It was his duty to exercise ordinary care to avoid injuring others using the highway. There were six or seven lights on the wrecking car and two on the car off the road. It was about one o'clock in the morning. A car coming from Duluth saw the wrecking outfit without trouble and avoided doing injury; and so another, though it may have been coming from Two Harbors. Some effort was made by the plaintiff to warn approaching cars; and there is evidence that the car of the defendants was signaled or flagged at a point where the jury might have found that a warning should have been effective. Whether the plaintiff used the required care was for the jury. We are in accord with the view of the trial court, expressed on the defendants' motion for judgment notwithstanding the verdict, which, however is not here for review, as follows:

"In view of all the circumstances as disclosed by the evidence, the court is of the opinion that the question of plaintiff's contrib-

utory negligence was properly left to the jury. The plaintiff was not a trespasser in occupying the highway for a limited time for the purpose of rescuing the car which accidentally went off the road into the ditch. In so using the highway the plaintiff was bound to exercise ordinary care for the safety of others traveling upon or using it, and to not unnecessarily obstruct the highway.  *  *  *

"Questions as to the extent to which plaintiff was making use of the highway, the necessity therefor, whether in using the highway he was exercising ordinary care for the safety of others, were necessarily issues of fact for the jury, unless the evidence was conclusive that the plaintiff was negligent. There was some dispute in the testimony as to the sufficiency of the precautions taken by plaintiff or others for warning approaching travelers of the obstruction in the road. Then the time when plaintiff was obstructing the road, the same being in the early hours of the morning, had a bearing upon the reasonableness of the care taken and precautions provided.

"Viewing the situation after the accident, as described by the witnesses, it is easy to suggest added precautions which the plaintiff might have taken for his own safety and for the safety of others, but the plaintiff's conduct is to be determined as of the time of the accident and whether he used ordinary care depends upon what was done or not done at that time."

3. It was the duty of the defendants to exercise ordinary care in driving their auto on the highway, both in keeping a lookout for people who might be endangered by them, and in having it under reasonable control. This is only a statement of the law made time and time again. The jury was justified in finding them negligent.

4. The verdict was for $1,812. The special damages for hospital attention, physician's services and lost time amounted to $1,671.44. This leaves $140.56 as compensation for pain and suffering and bodily injury.

The plaintiff was 27 years old. His collar bone was torn loose, his arm partially dislocated, ligaments around the shoulder were torn, and the scapula of the left shoulder was fractured. His eyesight is much impaired and he claims that some of his other in-

juries still persist. He was in the hospital about 9 weeks, and during a considerable portion of the time suffered intense pain.

The sum of $140.56 is inadequate compensation. An award for pain and suffering, and for disability consequent upon an injury to the person, is largely within the discretion of the jury. It is more difficult to say that a verdict is inadequate, in an action such as this, than in one where the damages are susceptible of either accurate measurement, or of something approaching a very close estimate. And we appreciate the better position of the trial court for determining the propriety of an award. Ott v. Tri-State Co. 127 Minn. 373, 149 N. W. 544; Pinkerton v. Wisconsin Steel Co. 109 Minn. 117, 123 N. W. 60. If the injuries are such that a jury can find them nominal, then nominal damages are sufficient. Such a case is Greenfield v. Unique Theatre Co. 146 Minn. 17, 177 N. W. 666, where the jury could find that all injuries, other than slight ones, were feigned. If the damages are substantial a nominal award will not do. Such a case is Stenshoel v. G. N. Ry. Co. 142 Minn. 14, 170 N. W. 695, where the general damages were $300 and were held inadequate for injuries quite beyond nominal. The injuries here cannot be compensated by damages so unsubstantial as those awarded. The verdict was a compromise between a right of recovery and the amount of damages sustained, as in the Stenshoel case. And see Alden v. Sacramento S. F. L. Co. 137 Minn. 161, 163 N. W. 133, and cases cited; Siverts v. Dahoot, 150 Minn. 179, 184 N. W. 839; Willett v. Seerup, 151 Minn. 105, 186 N. W. 225. In these three cases, however, it will be noted that the damages were capable either of actual or fairly definite measurement.

Order reversed.

QUINN, J. (dissenting.)

I dissent. To my mind, the stretching of a steel cable across a much traveled highway, in the night time, during a snowstorm, without adequate danger signals, in these times of automobile traffic by night, is negligence per se.