## ORVILLE OLSON v. FRED MOSKE.[1]

May 16, 1952.

No. 35,705.

*Clifford G. Nelson,* for appellant.
*Philip R. Monson,* for respondent.

LORING, CHIEF JUSTICE.

This is an action for personal injuries and for damage to plaintiff's automobile. Plaintiff had a verdict for $175. He appeals from an order denying his motion for a new trial on the ground of insufficient damages appearing to have been given under the influence of passion and prejudice. Defendant made no motion for a new trial and did not appeal. Defendant, however, contends that he can, under the rule laid down in Young v. G. N. Ry. Co. 80 Minn. 123, 83 N. W. 32, and in Shearer v. Puent, 166 Minn. 425, 208 N. W. 182, raise the questions of whether plaintiff was guilty of

---

[1]Reported in 53 N. W. (2d) 562.

negligence as a matter of law and whether the record conclusively establishes a lack of negligence on defendant's part.

The record presents two elements of damage which entered into the verdict for plaintiff: First, his personal injuries, which he contends prevented his working for a period of about nine weeks; and, second, the damage to his car, a model A Ford. On the first element of damage, plaintiff admitted that during substantially all of the period for which he asserts he was unable to work he was able to attend dances and take part therein; so the jury was justified in taking a skeptical view of his testimony relative to his disability. His medical bill was $23.

On the second element of damage, he testified that prior to the collision his car was, in his opinion, worth $300, and that after the collision he was able to get only $15 for the wreck. It is largely on this element of his damage that he bases his contention that the verdict was the result of passion or prejudice. However, while his opinion as to the value of the car was the only evidence before the jury, it was not binding or conclusive on the jury (Johnson v. C. B. & N. R. Co. 37 Minn. 519, 521, 35 N. W. 438, 439; State v. Wagner, 233 Minn. 241, 253, 46 N. W. [2d] 676, 684), even though such opinion was not expressly disputed by some other witness. Remington v. Savage, 148 Minn. 405, 409, 182 N. W. 524, 525. Therefore, the jury may well have thought that the value of the car prior to the collision was considerably exaggerated by plaintiff, and the trial court was entirely justified in denying plaintiff's motion for a new trial on the ground relied upon in such motion. Defendant contends that plaintiff was guilty of contributory negligence as a matter of law or that, as a matter of law, defendant was free from negligence. Even if his contentions were sustained, such a conclusion would only be available to sustain the trial court's order, and not to upset the verdict where defendant did not make a motion for a new trial or otherwise lay a foundation for or take an appeal. The order of the trial court must be affirmed.

Affirmed.