<hr />

[No. 13832. *En Banc.* April 27, 1917.]

A. R. NELSON *et al., Respondents,* v. PACIFIC COAST CASUALTY COMPANY, *Appellant,* EMMA BOWEN *et al., Defendants.*[1]

APPEAL—RECORD — EVIDENCE — REVIEW — NEW TRIAL. Since the granting of a new trial for inadequate damages is discretionary, it cannot be reviewed on appeal in the absence of the evidence bearing upon the amount of the damages.

NEW TRIAL—INADEQUATE DAMAGES—RECITALS. An order granting a new trial for inadequate damages need not recite that the verdict was the result of passion or prejudice, but the presumption is in support of the judgment.

CARRIERS—REGULATION—JITNEY BUSSES—BONDS—LIABILITY — EXTENT—STATUTES. The surety on a jitney bus bond is liable to each person injured for the full amount of the damages, up to the extent of the penalty in the bond, under Rem. Code, § 5562-39, providing that "every person" injured shall have a right of action on the bond and that "in any such action the full amount of damages sustained may be recovered against the principal, but the recovery against the surety shall be limited to the amount of the bond"; in view of the fact that the bond is filed with the secretary of state as a condition for the issuance of a permit to run a bus for hire, and is not to be discharged by one recovery and that independent rights of action are given to each person injured.

Appeal from an order of the superior court for King county, Gilliam, J., entered June 26, 1916, granting a new trial on the ground of inadequate damages, after the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a jitney bus. Affirmed.

*Geo. McKay* and *Henry S. Noon,* for appellant.

*Jay C. Allen (Philip Tindall,* of counsel), for respondents.

[1]Reported in 164 Pac. 594.

Main, J.—This is the case in which a new trial was granted, referred to in the opinion in the recent case of *Salo v. Pacific Coast Casualty Co.*, 95 Wash. 109, 163 Pac. 384. After a verdict for five hundred dollars had been returned, the plaintiff made a motion for a new trial, one of the grounds of which was:

"Inadequate damages appearing to have been given under influence of passion and prejudice."

After a hearing upon this motion, the same was granted by the trial court, conditioned that if the defendant elected within fifteen days to consent to a judgment for fifteen hundred dollars, then, and in that event, the motion for a new trial would be denied. The election to consent to the larger judgment was not made, but an appeal was taken from the order.

The evidence as to the injuries sustained by the respondent Emma Nelson is not embodied in the bill of exceptions brought to this court. One of the statutory grounds for which a new trial may be granted is:

"Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice." Rem. Code, § 399.

In *Aboltin v. Heney*, 62 Wash. 65, 113 Pac. 245, it was held that both the granting and the refusal to grant a new trial are matters within the sound discretion of the trial court, and the judgment of that court will not be disturbed except in cases where such discretion has been abused; and that the trial court has the same discretion to set aside a verdict for inadequate damages as it has to set one aside for excessive damages.

Since the evidence bearing upon the question of the amount of the damages is not before us, the question whether the order of the trial court granting a new trial was an abuse of discretion cannot be reviewed.

There is some argument in the appellant's brief to the effect that the order granting the new trial is ineffectual because it does not make a finding or recital that, in the opinion of the trial court, the verdict for inadequate damages had been caused by passion or prejudice. No requirement of the law making such recital necessary to the validity of the order has been called to our attention. The presumption is in favor of the correctness of the judgment entered by the trial court.

The chief argument urged for reversal of the judgment seems to be based upon the assumption that the bonding company is only liable to the extent of twenty-five hundred dollars, regardless of the number of persons injured and the respective verdicts which they may obtain. It is unnecessary to review this question here, since in the case of *Salo v. Pacific Coast Casualty Co., supra,* the extent of the liability of the appellant is discussed and determined adversely to this contention.

The judgment will be affirmed.

ELLIS, C. J., HOLCOMB, PARKER, and WEBSTER, JJ., concur.