[No. 22433. Department Two. September 30, 1930.]

Mervon McGinnis, *Respondent*, v. Fred Brandt *et al.*, *Appellants*.[1]

*Cheney & Hutcheson*, for appellants.

*H. J. Snively*, and *Williamson & La Berge*, for respondent.

Mitchell, C. J.—This is an action to recover a judgment on account of an assault and battery committed

[1] Reported in 291 Pac. 709.

by the defendant Fred Brandt upon the person of Mervon McGinnis. There was a verdict for the plaintiff in the sum of one hundred dollars. His motion for a new trial on the ground of inadequacy of the amount allowed by the jury was granted and an order entered to that effect unless the defendants, within twenty days, filed in the cause their written consent that judgment be rendered against them in the sum of five hundred dollars. This the defendants refused to do. They have appealed from the order granting a new trial.

We are not disposed to disturb the order appealed from, since we find nothing in the record to indicate that the trial judge abused his discretion in granting a new trial because of the inadequacy of the award made by the jury. On account of the verdict of the jury being in favor of the plaintiff, it establishes the fact that Fred Brandt struck the plaintiff in the face with a beam of timber, splitting his face from the mouth to the point of the chin, knocking out two teeth and leaving a wound that, notwithstanding what appears to have been skillful medical treatment, will require an operation to correct against further permanency of the injury.

" 'The granting or refusing to grant a new trial is entirely discretionary with the trial court except where pure questions of law are involved, and we have held time and again that we will not interfere with the action of the court in this regard unless we can see from the record that it has abused its discretion'." *Shead v. Riser*, 136 Wash. 270, 239 Pac. 562.

We cannot find any abuse of discretion on the part of the trial court in this case.

The appellant, in seeking a reversal of the order appealed from so that judgment may be entered on the verdict, discusses somewhat at length the ques-

tion of whether the liability involved in this controversy is a community one of Brandt and wife, and insists that this court should, in reversing the order granting plaintiff a new trial and in directing judgment to be entered on the verdict, provide that the judgment should go against Fred Brandt only, and not against the community of himself and his wife as demanded in plaintiff's complaint.

But the character of the liability is not involved, so far as the present appeal is concerned, since we do not reverse, but affirm, the order appealed from. The case now stands as if no trial had ever taken place, and if eventually there is a final judgment against these appellants, an appeal from it will bring up for review all prior adverse rulings and orders of the trial court. The trial judge must first express his views in a final judgment which carries in it the matter complained of before such matter is subject to review by this court.

Affirmed.

FULLERTON, HOLCOMB, MAIN, and BEALS, JJ., concur.