[No. 24999. Department Two. August 1, 1934.]

CHARLES M. HATCHER, *Respondent*, v. GLOBE UNION
MANUFACTURING COMPANY, *Appellant*.[1]

[1]Reported in 35 P. (2d) 32.

412

*Roberts, ·Skeel & Holman* and *W. R. McKelvy,* for appellant.

*Vanderveer & Bassett,* for respondent.

BLAKE, J.—This case has been here before. *Hatcher v. Globe Union Mfg. Co.,* 170 Wash. 494, 16 P. (2d) 824. Since a comprehensive statement of the issues and facts is to be found in that opinion, we shall discuss only such facts as may be necessary to a disposal of the questions raised on this appeal.

Pursuant to the remand on the former appeal, another trial was had, which resulted in a verdict for plaintiff for four thousand dollars. From judgment entered on the verdict, defendant appeals.

Assignments of error, for convenience of discussion, may be grouped as follows: (1) Error in the admission of evidence; (2) misconduct of counsel for plaintiff; (3) excessive damages resulting from passion and prejudice on the part of the jury.

I. The court permitted counsel for plaintiff to cross-examine witnesses for the defense upon the practicability of equipping the saw with a blower or suction device to carry off the lead dust. The witnesses were not entirely candid in answering the questions— saying that such device was not necessary. Counsel then asked if some such device had not been installed subsequent to respondent's injury. Objection to this question was sustained.

Evidence of measures taken subsequently to safeguard an instrumentality which caused an injury is not admissible to prove negligence. *Bell v. Washington Cedar Shingle Co.,* 8 Wash. 27, 35 Pac. 405; *Carter v. Seattle,* 21 Wash. 585, 59 Pac. 500. Such evidence is admissible, however, to show the practicability of safeguarding such instrumentality. *Erickson ·v. Mc-Neeley & Co.,* 41 Wash. 509, 84 Pac. 3; *Lindblom v.*

*Hazel Mill Co.*, 91 Wash. 333, 157 Pac. 998. In the former case, it is said:

"The general rule is that the taking of precautions against the future is not to be construed as an admission of responsibilities in the past, and evidence of what has been done since an accident occurred is not admissible. . . . But the avowed purpose here was to show that the saw could have been advantageously guarded, and the jury were instructed to consider it only for that purpose. . . . The fact that the same or similar saws were subsequently, and within a very short time, guarded by placing a hood over them was, we think, competent evidence that this one could have been advantageously guarded at the time of the injury, and its reception was not error where the jury were told plainly the only purpose for which it might be considered."

In the former appeal of this case, the court obviously had both rules in mind, for it is there said:

"The issue before the court was not whether the installation of a blower was practicable and feasible, and it was not offered for that purpose. The issue was whether its installation was required under the factory act, and the objectionable evidence was offered generally and unconditionally."

In the second trial, counsel brought the evidence within the rule by expressly limiting it to the practicability of installing a blower or suction device—suggesting to the court that he would submit an instruction for that purpose. The question, so limited, was proper. The error, if any, was in sustaining the objection to it.

II. Appellant next contends that counsel for respondent was unduly persistent in attempting to show the installation of the blower or suction device after the court had ruled evidence of the fact inadmissible. There is some merit in this contention. It is obvious that counsel was determined to get the fact

before the jury in some manner. The court having ruled the evidence inadmissible, counsel should have abided by the ruling. It was within the power of the court to have prevented further inquiry on the subject, and it would have been proper for him to have taken such measures as might have been necessary to prevent it. But as we have seen, under the opinion of this court on the former appeal, evidence of the fact was admissible for the limited purpose for which counsel was seeking to establish it. The trial court did not deem counsel's persistence of sufficient consequence to require the granting of a new trial. Nor do we think that, under all the circumstances disclosed by the record, his persistence can be said to constitute prejudicial misconduct.

On cross-examination of Doctor Holloway, counsel for respondent asked him several questions as to the susceptibility of cats to lead poisoning, and as to the effect it would have on a cat if it walked around on the floor of the factory and then washed its face with its paws. Counsel for appellant moved the court to declare a mistrial on the ground that the questions constituted misconduct under the decision of this court on the former appeal. We there held that it was error for counsel to make an offer of proof, in the presence of the jury, to the effect that the cat had died after walking around on the factory floor and washing its face with its paws.

In the light of our knowledge of the record on the former trial, we, of course, know that, in this trial, counsel had in mind the same cat. Independent of knowledge of what transpired on the former trial, we do not think one would infer, from the questions asked here, that a cat had died under such circumstances as indicated by the offer of proof in the former trial. Independent of such knowledge, the questions here

complained of appear to us to be merely irrelevant. Certainly they could not be held to constitute prejudicial misconduct.

III. In a memorandum opinion, passing on a motion for a new trial, the lower court said:

"While in my judgment, the verdict in the case at bar is excessive, and under the former practice I would not only feel justified but consider it my duty to reduce the same very materially, the last legislature limited the power of both the trial and the supreme court with reference to the reductions of verdicts of a jury.

. . .

"While the size of the verdict at this second trial, especially when compared with the verdict at the former trial, appears excessive and from its size would seem to indicate or make it appear that it was awarded under the influence of passion or prejudice, I am unable to find that it *unmistakably* indicates that it *must* have been the result of passion or prejudice. This specification in defendant's motion for new trial must be overruled for this reason alone."

The trial court's conception of the effect of chapter 138, Laws of 1933, p. 481 (Rem. 1934 Sup., § 399 *et seq.*), on its power to grant a new trial was erroneous. *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947. The cause is remanded, with directions to the trial court to reconsider the motion for new trial in the light of that decision.

BEALS, C. J., TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.