[No. 25797. Department Two. May 19, 1936.]

O. D. SILOW *et al., Respondents,* v. RAYMOND MAU *et al., Appellants.*[1]

*Roberts & Skeel* and *W. R. McKelvy,* for appellants.
*Leo J. Brand* and *Tucker & Tucker,* for respondents.

BEALS, J.—Plaintiffs sued defendants, demanding judgment for over eleven thousand dollars for damages based upon certain alleged personal injuries received by Esther L. Silow as the result of the operation of defendants' automobile along Greenwood avenue, in the city of Seattle. Defendants denied that Mrs. Silow had been injured, denied any negligence on their part, and affirmatively pleaded contributory negligence on the part of Mrs. Silow. The court withdrew this defense from the jury and submitted the other questions, with the result that a verdict was

[1]Reported in 57 P. (2d) 1059.

returned in plaintiffs' favor in the sum of two hundred dollars. Thereafter, plaintiffs moved for a new trial, which motion was granted by the trial court upon the sole ground that the verdict was inadequate. The pertinent portion of the order granting a new trial reads as follows:

"This matter having come on before the court upon plaintiffs' motion for a new trial, it appearing to the court that the verdict of the jury rendered in the above entitled cause in the sum of $200 in favor of the plaintiffs and against defendants is inadequate, and the court having listened to argument of respective counsel, and the court being of the opinion that the verdict of $200 is inadequate, but being further of the opinion that there is no error in the case which would warrant the granting of a new trial with the exception of inadequacy of damages, now, therefore, in accordance with the premises herein,

"It is hereby Ordered and Adjudged that plaintiffs' motion for a new trial be and the same is hereby granted on the sole and exclusive ground and reason that the verdict of the jury in the sum of $200 rendered in favor of the plaintiffs is inadequate, to all of which defendants except and exception is allowed."

From the order granting a new trial, defendants have appealed, assigning error upon the granting of plaintiffs' motion.

Appellants rely upon chapter 138, Laws of 1933, p. 481 (Rem. 1933 Sup., §§ 399, 399-1, 399-2 [P. C. §§ 8225, 8225-1, 8225-2]); paragraph 5 of § 1 of the act stating one of the grounds for which a new trial may be granted as

"Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice; . . ."

Paragraph 7 of the same section, p. 482, reads as follows:

"That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law; . . ."

In § 2, p. 482, of the act, it is provided it shall be presumed that the amount of damages awarded by the verdict of the jury is correct.

Chapter 138, Laws of 1933, p. 481, has been considered by this court on several occasions, the first of which is the case of *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947, in which we said:

"The statute does not attempt to limit the inherent power of the court. The form of its language, it will be noted, is permissive, not restrictive. It says that, for certain causes, the court *may* grant a new trial. It does not say that it shall not do so for any other cause. In so far as the amended portion of the statute is concerned, it neither conferred any power upon the court which it did not already inherently possess, nor did it attempt to restrict the court in the exercise of its inherent power. Had the legislature never enacted subdivisions 5 and 7 of § 399 as amended, the court would nevertheless have had inherent power to grant a new trial upon either of those grounds."

The case cited was followed in the cases of *Lamping v. Ripley,* 178 Wash. 206, 34 P. (2d) 459; *Hatcher v. Globe Union Mfg. Co.,* 178 Wash. 411, 35 P. (2d) 32; *Robinson v. Ebert,* 180 Wash. 387, 39 P. (2d) 992; *Davis v. Riegel,* 182 Wash. 1, 44 P. (2d) 771; and *Mitchell v. Rice,* 183 Wash. 402, 48 P. (2d) 949.

In the case of *Swanson v. Sewall,* 183 Wash. 462, 48 P. (2d) 939, this court affirmed an order denying a motion for judgment notwithstanding the verdict and granting a new trial on the ground that the verdict was inadequate, saying, in connection with the latter phase of the case:

"The court was fully warranted in granting respondents' motion for new trial on the ground of inadequacy of damages. As a result of her injuries,

Mrs. Swanson was confined to her bed for five weeks. She was employed as a telephone operator at twenty-three dollars a week. Counting her actual loss of wages and expenses for medical and hospital treatment, the respondents were out more than the amount of the verdict. In view of the injuries and the pecuniary loss, the verdict was grossly inadequate. What was said in *Daigle v. Rudebeck*, 154 Wash. 536, 282 Pac. 827, is peculiarly pertinent here:

" 'It will be seen that the amount awarded by the verdict is almost the exact amount which the jury was instructed might be allowed as special damages, a little less in fact, and since the evidence as to special damages was in no way controverted, it is at once apparent that the jury allowed nothing for general damages.

. . .

" 'It is the duty of the trial court to see that substantial justice is done, and if he believes that the amount of damages awarded to the prevailing party is inadequate, it is as much his duty to grant a new trial as it would be upon the motion of the defendant, if the amount were excessive.' "

An order granting a new trial upon one cause of action was affirmed, this court holding that, while the trial court assigned no reason for granting a new trial, the order might well have been based upon inconsistency of the verdict.

In the case at bar, the court expressly based its ruling upon the ground that the verdict was inadequate.

Appellants argue that, because the order granting a new trial does not recite that the verdict was inadequate *and in addition* that the amount thereof unmistakably indicated that the same was rendered under the influence of passion and prejudice, it should be considered that the order was arbitrary in its nature and constitutes an abuse of discretion which calls for reversal of the order by this court.

Appellants vigorously contend that there is no substantial evidence in the record which could support a

verdict in any considerable amount. The evidence which is before us indicates that the jury might well have found for the appellants, but this it did not do. The trial court was, of course, thoroughly familiar with the case, and clearly expressed its opinion that respondents were entitled to a new trial because of inadequacy of the amount awarded. Seven items of special damage were alleged, aggregating $303. At least some evidence was introduced in support of these items. Had the trial court denied respondents' motion for a new trial, it would seem that little argument could be made upon the proposition that on appeal, this court should reverse such an order, but the court granted the motion, expressly stating that the verdict was inadequate. The jury found that appellants were liable to respondents, but awarded damages in an amount much smaller than was claimed.

It cannot be held that the order appealed from should be reversed because it does not expressly state that it appeared that the verdict was rendered under the influence of passion and prejudice. It must be held that the trial court considered the law governing the matter of granting new trials, together with the opinions of this court construing the same, most of the cases hereinabove cited having been determined long before the entry of the order appealed from.

We find in the record nothing which warrants reversal of the order appealed from, and the same is accordingly affirmed.

MILLARD, C. J., BLAKE, MAIN, and HOLCOMB, JJ., concur.