[Nos. 31209, 31210. Department Two. April 6, 1950.]

SHIELDS J. COPPO *et al., Respondents,* v. A. R. VAN WIERINGEN, *Appellant.*

BILL MYERS *et al., Respondents,* v. A. R. VAN WIERINGEN, *Appellant.*[1]

*W. E. Du Puis,* for appellant.

*Durham, Guimont & Durham,* for respondents.

HILL, J.—The question presented is whether the trial court abused its discretion in granting new trials in two actions for damages resulting from an automobile collision, which actions were consolidated for trial and are consolidated on this appeal.

On May 1, 1948, Shields J. Coppo and his wife were in the front seat of their automobile and Bill Myers and his wife were in the back seat. While stopped for a red light,

[1]Reported in 217 P. (2d) 294.

the Coppo car was hit from behind by a car driven by Martin Van Wieringen.

Mr. and Mrs. Coppo and Mr. and Mrs. Myers brought actions against Van Wieringen for damages. The jury found for the plaintiffs in both cases; but the plaintiffs, deeming the damages awarded to be inadequate, moved for new trials. These motions the trial court granted, in each case "on the grounds that substantial justice has not been done and that the verdict is inadequate."

Our state constitution, Art. I, § 21, provides that "The right of trial by jury shall remain inviolate," and it is but natural that litigants and their counsel who have secured a verdict of the jury that is satisfactory to them should consider themselves aggrieved at the action of the trial judge which deprives them of the fruits of their victory by compelling them to take the chances of another trial, especially when no reason is given or when the reason assigned is one that precludes any review beyond a determination that there is a case for the jury and that there is conflicting evidence on a controlling issue. In *Jensen v. Shaw Show Case Co.*, 76 Wash. 419, 136 Pac. 698, this court said, concerning Art. I, § 21:

"This provision is pregnant with meaning. The courts have no right to trench upon the province of the jury upon questions of fact. It is only where there is no evidence, either direct or circumstantial, which warrants the verdict of the jury, that the courts may interfere. In proper cases, the jury is an arm of the court; its province is to find the facts, and the province of the court is to declare the law."

However, in the application of this constitutional provision, only appellate courts have no right to "trench upon the province of the jury upon questions of fact." Litigants and their attorneys find that the provision loses its pregnancy, its meaning, or both, when it comes in conflict with the inherent right of a trial judge to grant a new trial either without assigning any reason therefor, or with only a statement of the conclusion that "substantial justice has not been done" or some reason which we have found necessarily leads to that conclusion: *i.e.*, insufficiency of the evidence to sus-

tain the verdict, the verdict is contrary to the weight of the evidence, or the damages are excessive or inadequate.

Another familiar statement, the following from *Dorian v. Boone*, 152 Wash. 681, 279 Pac. 107:

"The court will not set aside the verdict merely because it may differ in opinion from the jury as to the proper award to be made. In actions of tort for personal injuries, there is no certain or definite rule by which the amount of the award can be measured. It is a matter peculiarly within the province of the jury to determine, and parties have the right to the judgment of the jury, not the court, upon the matter. Before the court may interfere, therefore, it must be found that the verdict is so far inadequate, or so grossly excessive, as to be without support in the evidence, or it must appear that the verdict was the result of some extrinsic consideration, such as bias, passion, prejudice, or the like";

is found to have no application; and damages for personal injuries cease to be "a matter peculiarly within the province of the jury to determine" when a trial judge grants a new trial under the circumstances suggested in the preceding paragraph.

The instant cases, presenting as they do a situation in which, on the record, there is no more than a difference of opinion between the trial judge and the jury as to the proper awards to be made, present an appropriate occasion for a review of our holdings, to make clear what the law is and, if possible, why it is what it is. The use of subheadings may help in the process of clarification.

### Distinction Between Orders Granting and Orders Denying New Trials in Jury Cases

We would first point out, by way of background, the distinction between a situation where a trial court grants and one where it denies a motion for new trial in a jury case.

When a new trial is denied, a judgment is entered and the appeal is from that judgment, and there may be numerous assignments of error raising questions of fact and law. This court does on occasion reverse judgments, set aside verdicts, and send cases back for new trials after trial judges have

refused to grant them; usually, however, because of erroneous instructions, error in admitting or refusing to admit evidence, or other errors of law. When questions of fact are concerned in such a situation, the inquiry of this court is focused upon the verdict of the jury, reinforced by the trial judge's approval (or, if not approval, his recognition that there is no reason why the verdict should be set aside), and the question before us is: Should the verdict of the jury be set aside?

When a new trial has been granted, the appeal is from the order granting a new trial, and the inquiry of this court is focused, not upon the verdict of the jury but upon the act of the trial court. When purely factual issues are presented, the question considered by this court has ceased to be whether the verdict should be set aside, and has become whether there has been an abuse of discretion by the trial court. And when we have found that there was a case for the jury and evidence on which the jury could have reached a verdict different from the one rendered (which is another way of saying that there was conflicting evidence upon a controlling issue), we have consistently held that it is impossible to say that the trial judge abused his discretion in granting a new trial. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Welever v. Advance Shingle Co.,* 34 Wash. 331, 75 Pac. 863; *Sturtevant Co. v. Fidelity & Deposit Co.,* 92 Wash. 52, 158 Pac. 740, L. R. A. 1917 C, 630; *Henry v. Larsen,* 19 Wn. (2d) 690, 143 P. (2d) 841.

This, of course, constitutes an iron curtain, cutting off any adequate review of whether or not there was any reason for the trial judge to set aside the verdict of the jury and grant a new trial. The justification for dropping the iron curtain will be discussed under the next subhead.

*New Trials Granted Because "Substantial Justice Has Not Been Done"*

One of the reasons assigned by the trial judge in the instant cases for granting new trials is that "substantial justice has not been done." The statutes which enumerate the grounds on which new trials may be granted (Rem. Rev.

Stat. (Sup.), § 399, in civil cases; Rem. Rev. Stat., § 2181, in criminal cases) make no mention of such a ground for a new trial; but we have always upheld the right of the trial judge to grant a new trial when he is convinced that substantial justice has not been done, on the theory that it is an exercise of the trial court's inherent power. *Sylvester v. Olson,* 63 Wash. 285, 115 Pac. 175; *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947; *Bond v. Ovens,* 20 Wn. (2d) 354, 147 P. (2d) 514; *Potts v. Laos,* 31 Wn. (2d) 889, 200 P. (2d) 505, to cite but a few of the many cases so holding.

Actually, of course, when a trial judge says that "substantial justice has not been done," he is stating a conclusion for which there must be a reason or reasons. One of our difficulties in attempting to clarify this phase of the law has been that we have consistently referred to this conclusion as a separate and distinct reason for granting new trials, and have neglected to indicate or classify the bases for the conclusion. The reason we have barred any review of an order granting a new trial based on this conclusion, except as to there being a case for the jury and conflicting evidence on a controlling issue, was expressed by the supreme court of Wisconsin in the case of *McLimans v. City of Lancaster,* 57 Wis. 297, 15 N. W. 194:

"The judge before whom the cause was tried heard the testimony, observed the appearance and bearing of the witnesses and their manner of testifying, and was much better qualified to pass upon the credibility and weight of their testimony than this court can be. *There are many comparatively trifling appearances and incidents, lights and shadows, which are not preserved in the record, which may well have affected the mind of the judge as well as the jury in forming opinions of the weight of the evidence, the character and credibility of the witnesses, and of the very right and justice of the case.* These considerations cannot be ignored in determining whether the judge exercised a reasonable discretion or abused his discretion in granting or refusing a motion for a new trial." (Italics ours.)

This statement is quoted in *Wait v. Robertson Mortg. Co.,* 37 Wash. 282, 79 Pac. 926, and *Hinz v. Crown Willamette Paper Co.,* 175 Wash. 315, 27 P. (2d) 576.

We find another forceful statement on this subject, this one by the supreme court of Iowa in the case of *Dewey v. Chicago & Northwestern R. Co.,* 31 Iowa 373:

"A mention of these considerations upon which the rule for the appellate courts is (in part) founded, is sufficient to show that the rule ought not and does not have any application whatever to the *nisi prius* courts. Those courts ought to independently exercise their power to grant new trials, and, with entire freedom from the rule which controls appellate tribunals, they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice to the parties in the case. Whenever it appears that the jury have, from any cause, failed to respond truly to the real merits of the controversy, they have failed to do their duty, and the verdict ought to be set aside and a new trial granted."

This statement is quoted in *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108.

The most recent extensive discussion of the rationale of cases holding that we will not review an order granting a new trial on the "ground" that substantial justice has not been done (except to the limited extent heretofore indicated) appears in *Bond v. Ovens, supra.* See, also, among the more recent cases, *Nagle v. Powell,* 5 Wn. (2d) 215, 105 P. (2d) 1; *Yocum v. Department of Labor & Industries,* 22 Wn. (2d) 72, 154 P. (2d) 306; *Starr v. Baird,* 25 Wn. (2d) 381, 170 P. (2d) 655; *Potts v. Laos, supra.*

We have very recently, in *Cabe v. Department of Labor & Industries,* 35 Wn. (2d) 695, 215 P. (2d) 400 (in which the writer of this opinion concurred) again upheld, and cited abundant authority to support, the proposition that trial judges have the inherent power to grant new trials on the ground that substantial justice has not been done. Quoting *Bond v. Ovens, supra,* we again made it clear that the reason for only a limited review is:

" 'There may be matters that do not appear in the record at all, matters which, for one reason or another, could not be made to appear.' "

In such cases, it is ours not to reason why, ours but to affirm.

Although it would seem to be apparent that a trial judge's conclusion that substantial justice has not been done might be based on matters entirely within the record, and hence subject to review, we must recognize that the words "substantial justice has not been done" have become a sort of shibboleth to which we have attached the further connotation that justice has failed for reasons manifest to the "superior and more comprehensive judgment" of the trial judge but so intangible that they could not be made a part of the record and hence are not subject to review.

## New Trials Granted by General Order

We hold further, that when a trial judge has granted a new trial by a general order, *i.e.*, has stated no ground or grounds therefor, the appellate court ordinarily must assume that the order was, or at least may have been, granted in the exercise of the trial court's inherent power "to grant a new trial on the ground that substantial justice had not been done." *Bond v. Ovens, supra; Stuckrath v. Schwarz,* 10 Wn. (2d) 1, 115 P. (2d) 974. And, as we have just seen, that carries with it the further assumption that substantial justice has not been done because of conditions and circumstances that cannot be made a part of the record and hence are not subject to review. The result is that when a new trial is granted without any statement of the grounds or reason therefor, or when it is granted on the ground that substantial justice has not been done,

". . . our inquiry is limited to the determination of the question whether the evidence was sufficient to take the case to the jury, and, unless we can say in such case that the verdict of the jury was, as a matter of law, the only verdict that could be rendered, the order granting a new trial must be affirmed." *Henry v. Larsen,* 19 Wn. (2d) 690, 143 P. (2d) 841, and cases there cited.

## New Trials Granted, Prior to the 1933 Amendment, Because Damages Awarded Were Inadequate (or Excessive)

The appellants seek to take the present cases out of the category of cases in which new trials have been granted on

the basis that substantial justice has not been done, by pointing out that the only failure of justice that the trial court could have had in mind was the inadequacy of the verdicts, and that this court is entitled to examine the record and determine therefrom whether or not the verdicts are in fact inadequate.

While there is evidence that would have supported considerably larger verdicts, we would not hesitate to say that the jury was well within the evidence when it concluded that the amounts awarded would reasonably and adequately compensate the appellants for the damages sustained; and most certainly the awards were not so inadequate as to indicate passion or prejudice. We will, therefore, turn to a consideration of our holdings with reference to the granting of new trials because of the inadequacy of the damages awarded by the jury.

Excessive damages appearing to have been given under the influence of passion or prejudice have always been a ground for a new trial in the territory and state of Washington. Our first territorial legislature enacted a law setting forth six grounds on which new trials might be granted, the fifth being "Excessive damages, appearing to have been given under the influence of passion or prejudice." Laws of 1854, "AN ACT to regulate the practice and proceedings in civil actions," chapter XX, "Of New Trial," § 216. No change was made in that wording until 1909.

Inadequate damages not only were not specified as a ground for a new trial in the 1854 act but, in 1869, when the legislature passed a new enactment "To regulate the practice and proceedings in civil actions," chapter XXI, "New Trial," § 279, thereof provided that:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

That continued to be the law in the territory and state of Washington until 1909, when the section of the statute just

quoted was repealed and the fifth ground for a new trial was amended to read:

"Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice." Laws of 1909, chapter 34, § 1; Rem. Rev. Stat., § 399 [P.P.C. § 78-3].

There was no further change affecting this ground or reason for a new trial until 1933, when the wording was changed to:

"Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice." Laws of 1933, chapter 138, § 1; Rem. Rev. Stat. (Sup.), § 399.

Because of the nature of the present cases, we will cite only cases dealing with inadequate damages; but the same rules and reasoning are applicable to cases in which new trials have been granted by trial judges because of excessive damages.

Between 1909 and the 1933 amendment, new trials were granted ten times because of inadequate damages. See *Aboltin v. Heney,* 62 Wash. 65, 113 Pac. 245; *Bernard v. North Yakima,* 80 Wash. 472, 141 Pac. 1034; *Jorgenson v. Crane,* 92 Wash. 642, 159 Pac. 796; *Nelson v. Pacific Coast Cas. Co.,* 96 Wash. 43, 164 Pac. 594; *Danielson v. Carstens Packing Co.,* 115 Wash. 516, 197 Pac. 617; *Adams v. Anderson & Middleton Lbr. Co.,* 124 Wash. 356, 214 Pac. 835, 127 Wash. 678, 221 Pac. 993; *Shead v. Riser,* 136 Wash. 270, 239 Pac. 562; *Daigle v. Rudebeck,* 154 Wash. 536, 282 Pac. 827; *McGinnis v. Brandt,* 158 Wash. 656, 291 Pac. 709; *Huntington v. Clallam Grain Co.,* 175 Wash. 310, 27 P. (2d) 583.

The only instance in which the action of the trial court in these cases was not affirmed was where we held that the plaintiffs had not made a case for the jury and that the action should have been dismissed. *Adams v. Anderson & Middleton Lbr. Co., supra.*

An examination of the ten cases just cited discloses that, while in some instances we indicated that the damages were grossly inadequate or were so inadequate as to indicate the

existence of passion or prejudice, we affirmed an order granting a new trial when the trial judge had said specifically that the damages were not so far inadequate as to indicate passion or prejudice. This was done on the theory that it was the duty of the trial court to see that substantial justice was done. *Daigle v. Rudebeck, supra;* see, also, *Huntington v. Clallam Grain Co., supra.* And we find reasoning through practically all of these cases indicating that, if the damages awarded were inadequate, substantial justice had not been done; and that, if substantial justice had not been done, there could be no review of the order granting a new trial except to the limited extent heretofore indicated. Thus, in *Daigle v. Rudebeck, supra,* we said:

"We have frequently held that where the evidence is conflicting, it is entirely within the discretion of the trial court to grant or deny a new trial upon the ground of the insufficiency of the evidence to justify the verdict or that the verdict is against the weight of the evidence, and we have likewise upheld trial courts in setting aside verdicts and granting new trials where the amount awarded was in the opinion of the trial court inadequate. [Citing cases.]

"It is the duty of the trial court to see that substantial justice is done, and if he believes that the amount of damages awarded to the prevailing party is inadequate, it is as much his duty to grant a new trial as it would be upon the motion of the defendant, if the amount were excessive."

In some but not all of the cases in which new trials were granted because of inadequate damages, the reason which limits the review by an appellate court, *i.e.,* that the trial judge may be motivated by matters and incidents which cannot be made a part of the record, was specifically suggested. We quote from *Danielson v. Carstens Packing Co., supra.*

"If we were to assume, as appellant does, that the court granted the motion for new trial because it considered the verdict of the jury to be inadequate, still, we would not interfere because we cannot say from the record that it abused the discretion vested in it.

"*Many things may occur during the trial of a case which*

*are perfectly manifest to the trial court, but which are not and cannot be made a matter of record."* (Italics ours.)

And from *Shead v. Riser, supra:*

"Where the trial court grants a new trial for the reason that the damages are inadequate, this court will not interfere, unless we can see from the record that there was an abuse of discretion. *Many things may occur during the trial of a case which are perfectly manifest to the trial court, but which are not and cannot be made a matter of record."* (Italics ours.)

Although it is not difficult to imagine cases in which everything pertaining to the adequacy or inadequacy of the damages would be in the record, we apparently decided all the cases in this category on the basis that, if the damages were inadequate or excessive, substantial justice had not been done, and that, if substantial justice had not been done, it may have been by reason of matters which could not be made a part of the record, and hence there could be no review (practically speaking) of the order granting a new trial.

There can be no question but that, prior to the 1933 amendment, it was well established that, where a new trial had been granted on the ground that damages were excessive or inadequate and there was conflicting evidence on the issue of damages, we would not interfere with the order granting a new trial if there was a case for the jury and evidence on which the jury could have reached a verdict different as to the amount of damages from the one rendered.

*New Trials Granted, Prior to the 1933 Amendment, for Insufficiency of the Evidence to Sustain the Verdict or Because the Weight of the Evidence Was Against the Verdict*

Because the cases construing the 1933 amendment and determining its effect usually refer to the changes in both the fifth and the seventh grounds for new trial, we should direct our attention to the seventh ground before we begin a consideration of the 1933 amendment of Rem. Rev. Stat., § 399, with reference to the fifth ground for a new trial.

The seventh ground for a new trial was changed by the 1933 amendment from:

"Insufficiency of the evidence to justify the verdict or the decision, or that it is against the law,"

to:

"That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law."

It is apparent that the phrases, "Insufficiency of the evidence to justify the verdict" and "The verdict is against the weight of the evidence," lead inevitably in our thinking to the conclusion that substantial justice has not been done. *Sylvester v. Olson,* 63 Wash. 285, 115 Pac. 175. This is illustrated by three quotations which might be multiplied many times over:

"These courts [trial courts] should take due care not to invade the legitimate province of the jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence, and that substantial justice has not been done between the parties, it is his duty to set the verdict aside." *Clark v. Great Northern R. Co.,* 37 Wash. 537, 540, 79 Pac. 1108.

"The power to grant a new trial in a cause tried by a jury on the ground of insufficiency of the evidence is a power that rests solely in the trial court. It is given it in the interests of justice; it is given to prevent the perpetuation into judgments of exaggerated and unfounded verdicts that juries are sometimes unaccountably wont to return." *Independent Brewing Co. v. McCrimmon,* 85 Wash. 610, 611, 148 Pac. 787.

"Such statements [reflecting on credibility of plaintiff] deliberately incorporated in a written opinion unmistakably demonstrate that the trial court did not believe the respondent's testimony, and that testimony being disbelieved, there was no substantial evidence to support the verdict and the verdict can not be other than unjust, and hence substantial justice has not been done between the parties." *Scribner v. National Refining Co.,* 169 Wash. 44, 48, 13 P. (2d) 61.

We will not here discuss in detail the holdings with reference to the seventh ground for new trial prior to the 1933

amendment, because there is an analysis of those holdings in *State v. Brant,* 30 Wn. (2d) 286, 191 P. (2d) 682, and it is unnecessary to repeat it here. In substance, we there stated that, prior to the 1933 amendment, the rule was that except for an abuse of discretion an order granting a new trial would not be disturbed on appeal where the ground on which the new trial had been granted was that the verdict was contrary to the evidence or against the weight of the evidence, or that the evidence was insufficient to justify the verdict; and that, where there was a case for the jury and the evidence was in substantial conflict on a controlling issue, there could be no abuse of discretion in granting a new trial upon any of those grounds. For an extreme case, see *Funk v. Horrocks,* 99 Wash. 397, 169 Pac. 805.

*Cases Construing the 1933 Amendment*

We come now to a consideration of the 1933 amendment of Rem. Rev. Stat., § 399, which involved changes in the wording of the fifth and seventh grounds for new trial, as heretofore set out (pages 128, 131).

The first case to construe the amendment was *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947. The trial court in that case expressed the view that the 1933 amendment rendered a verdict impregnable. This court held that the 1933 amendment did not preclude a trial court from granting a new trial if it was satisfied that substantial justice had not been done:

"It is apparent, we think, that the trial court was of the opinion that the statute made the verdict of the jury impregnable against any exercise of discretion on the part of the court with reference to setting the verdict aside, even though the court were satisfied that *substantial justice had not been done,* and that, wholly because of that view, the court denied the motion for new trial. We believe that the court was in error in its conclusion." (Italics ours.)

And later in the opinion we said:

"All of our decisions have proceeded upon the principle that, if the trial court, in the exercise of its sound discretion, is satisfied that substantial justice has not been done in a given case, it is its right and its duty to set the verdict aside."

We therefore remanded the case to the trial court with instructions to the trial judge to exercise his discretion in the matter of granting or denying a motion for a new trial.

The foregoing quotations are the basis of the decision in that case, but the court also made the following statement, which has been quoted frequently and has been made the basis of several subsequent decisions:

"The statute does not attempt to limit the inherent power of the court. The form of its language, it will be noted, is permissive, not restrictive. It says that, for certain causes, the court *may* grant a new trial. It does not say that it shall not do so for any other cause. In so far as the amended portion of the statute is concerned, it neither conferred any power upon the court which it did not already inherently possess, nor did it attempt to restrict the court in the exercise of its inherent power. Had the legislature never enacted subdivisions 5 and 7 of § 399 as amended, the court would nevertheless have had inherent power to grant a new trial upon either of those grounds.

"It may well be argued that the legislature could not, even if it should attempt to, control or limit the inherent power of the court in this respect. There is respectable authority for such argument and contention, but we are not called upon to decide that question here. It is, at least, the rule in this state, judicially pronounced, that the enumeration of grounds for new trial does not restrict the inherent power of the court to grant a new trial for any other sufficient cause, unless the restriction is expressed."

The following are cases subsequent to *Brammer v. Lappenbusch, supra,* in which the effect of the 1933 amendment has been considered:

In *Hatcher v. Globe Union Mfg. Co.,* 178 Wash. 411, 35 P. (2d) 32, the trial court, in a memorandum opinion, expressed the view that the damages were excessive but that it was unable to find that the verdict "unmistakably" indicated that it was the result of passion or prejudice. For that reason, the trial court overruled the motion for new trial. This court said:

"The trial court's conception of the effect of chapter 138, Laws of 1933, p. 481 (Rem. 1934 Sup., § 399 *et seq.*), on its power to grant a new trial was erroneous. *Brammer v.*

*Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947. The cause is remanded, with directions to the trial court to reconsider the motion for new trial in the light of that decision."

We there held, in line with our decision in *Brammer v. Lappenbusch, supra,* that the trial judge was entitled, if he felt that the damages were so excessive that substantial justice had not been done, to grant a motion for a new trial even though it could not be said that the verdict unmistakably indicated that it was the result of passion or prejudice.

*Robinson v. Ebert,* 180 Wash. 387, 39 P. (2d) 992, presented exactly the same situation as the *Hatcher* case, and was similarly disposed of.

In *Davis v. Riegel,* 182 Wash. 1, 44 P. (2d) 771, an order granting a new trial did not specify the grounds on which it had been granted. This court said that the 1933 amendment of the seventh ground for a new trial did not take away from the trial court the right to exercise its discretion with reference to the granting of a new trial when the court believed that substantial justice had not been done.

*Silow v. Mau,* 186 Wash. 258, 57 P. (2d) 1059, presented a situation in which a verdict of two hundred dollars was rendered in a suit for personal injuries for which damages amounting to eleven thousand dollars were claimed. A new trial was granted

" '. . . on the sole and exclusive ground and reason that the verdict of the jury in the sum of $200 rendered in favor of the plaintiffs is inadequate.' "

This court said:

"The trial court was, of course, thoroughly familiar with the case, and clearly expressed its opinion that respondents were entitled to a new trial because of inadequacy of the amount awarded. Seven items of special damage were alleged, aggregating $303. At least some evidence was introduced in support of these items. Had the trial court denied respondents' motion for a new trial, it would seem that little argument could be made upon the proposition that on appeal, this court should reverse such an order, but the court granted the motion, expressly stating that the verdict was inadequate. The jury found that appellants were liable to

respondents, but awarded damages in an amount much smaller than was claimed.

"It cannot be held that the order appealed from should be reversed because it does not expressly state that it appeared that the verdict was rendered under the influence of passion and prejudice. It must be held that the trial court considered the law governing the matter of granting new trials, together with the opinions of this court construing the same, most of the cases hereinabove cited having been determined long before the entry of the order appealed from."

"The cases hereinabove cited," referred to near the end of the quotation, included the *Brammer, Hatcher, Robinson* and *Davis* cases, *supra*. Also, we quoted in the *Silow* case that portion of the opinion in *Swanson v. Sewall*, 183 Wash. 462, 48 P. (2d) 939, which in turn quoted from *Daigle v. Rudebeck*, 154 Wash. 536, 540, 282 Pac. 827, a statement which we have heretofore quoted on page 129 of this opinion, *i.e.*:

"It is the duty of the trial court to see that substantial justice is done, and if he believes that the amount of damages awarded to the prevailing party is inadequate, it is as much his duty to grant a new trial as it would be upon the motion of the defendant, if the amount were excessive."

In *Corbaley v. Pierce County*, 192 Wash. 688, 74 P. (2d) 993, a new trial was granted on the ground that the verdict was "against the weight of the evidence." It was contended that, in accordance with the 1933 amendment, there could be no new trial on that ground unless it could be said " 'that there is no evidence or reasonable inference from the evidence to justify the verdict,' " and this court said:

"We have held that this section does not restrict the inherent power of the court to grant a new trial when the court is satisfied that substantial justice has not been done. [Citing cases.]"

In *Nagle v. Powell*, 5 Wn. (2d) 215, 105 P. (2d) 1, the jury brought in a verdict for the plaintiffs in the amount of $2,250. The trial court reduced the amount of recovery to $935, with the consent of the plaintiffs. The defendants having appealed, the plaintiffs asked for restoration of the

judgment to the original amount, contending that there was no showing that the verdict was induced by passion or prejudice. We said:

"If the trial court, in the exercise of its sound discretion, is satisfied that substantial justice has not been done in a given case, it is its right and its duty to set the verdict aside. Of that power the court has not been divested by Rem. Rev. Stat. (Sup.), § 399-1. *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947; *Hatcher v. Globe Union Mfg. Co.,* 178 Wash. 411, 35 P. (2d) 32; *Bennett v. King County,* 188 Wash. 196, 61 P. (2d) 1316. So, too, the court may, in the exercise of its sound discretion, as we held in *Bennett v. King County, supra,* reduce the verdict on consent of the respondents in lieu of granting motion for new trial.

"The reduction of the verdict in lieu of granting a new trial—to which respondents consented—reflects conviction of the trial court that substantial justice demanded such action."

In *Kimball v. Moore,* 18 Wn. (2d) 643, 140 P. (2d) 498, a new trial was granted specifically on the grounds of "insufficiency of the evidence to justify the verdict, and because the verdict is against law." This court quoted the seventh ground for granting a new trial, as stated both before and after the 1933 amendment, and then said:

"However, since the modification of the statute in that respect, we have repeatedly affirmed the previously settled rule that, where the issue before the trial court does not involve a purely legal question, but arises from a controverted question of fact, the granting of a new trial is so largely a matter of discretion with the trial court that its ruling thereon will not be disturbed upon appeal except for manifest abuse of such discretion."

As heretofore indicated on several occasions, there can be no abuse of discretion where there is a case for the jury and conflicting evidence. Or, as held in *Henry v. Larsen,* 19 Wn. (2d) 690, 143 P. (2d) 841, unless we can say in such a case that the verdict of the jury was, as a matter of law, the only verdict that could be rendered, the order granting a new trial must be affirmed.

*Bond v. Ovens,* 20 Wn. (2d) 354, 147 P. (2d) 514, followed *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947,

in holding that Rem. Rev. Stat., § 399, as amended, was not intended to restrict the historically inherent power of the trial judge to grant a new trial when convinced that substantial justice had not been done. It also held that, in the absence of a stated reason in the order granting a new trial, it will ordinarily be assumed to have been granted in the exercise of that inherent power.

The only indication that we have ever given that we attach any significance to the 1933 amendment in the statement of either the fifth or the seventh ground for a new trial as in any way circumscribing the right of a trial judge to grant a new trial was in the Departmental opinion in *State v. Brent,* 28 Wn. (2d) 501, 183 P. (2d) 495, where a new trial had been granted on the ground that the verdict was " 'contrary to the law and evidence.' " After disposing of the contention that the verdict was contrary to the law, we turned our attention to a consideration of whether it was against the evidence. Attention was called to the fact that, prior to the 1933 amendment of Rem. Rev. Stat., § 399, it was held in a long line of decisions that the statutory language, "Insufficiency of the evidence to justify the verdict," gave the trial court very broad discretion in the matter of granting new trials; and we said:

"Some of these decisions go so far as to give the appearance of conflict with the long-established rule that the jury is the sole and exclusive judge of the weight and credibility of the evidence."

We then called attention to the 1933 amendment and, without discussing or distinguishing any of the cases in which the effect of the 1933 amendment had been discussed, we concluded that we could review the evidence and determine whether there was any evidence or reasonable inference to justify the verdict; and, finding that there was, we held that the trial court had abused its discretion in granting a new trial. The opinion was overruled by the court sitting *En Banc (State v. Brent,* 30 Wn. (2d) 286, 191 P. (2d) 682), but solely on the ground that neither Rem. Rev. Stat., § 399, nor the 1933 amendment thereof had any

application, since the *Brent* case was a criminal proceeding and Rem. Rev. Stat., § 2181, was the applicable statute.

Subsequent to *State v. Brent, supra,* we again discussed the effect of the 1933 amendment to Rem. Rev. Stat., § 399, in *Potts v. Laos,* 31 Wn. (2d) 889, 200 P. (2d) 505, and again pointed out that the 1933 amendment, providing that a new trial may be granted upon the ground "That there is no evidence or reasonable inference from the evidence to justify the verdict . . .," does not restrict the inherent power of the trial court to grant a new trial when that court is satisfied that substantial justice has not been done.

Other cases since the 1933 amendment involving the granting of new trials on the fifth or seventh of the statutory grounds are not here referred to because they do not purport to construe the amendment under consideration. (It might, however, be appropriate to complete our listing of the cases in which new trials have been granted because of inadequate damages. To the ten cases prior to the amendment, cited on pages 128 and 131 hereof, should be added four more, subsequent to that amendment: *Thornton v. Eneroth,* 177 Wash. 1, 30 P. (2d) 951; *Swanson v. Sewall,* 183 Wash. 462, 48 P. (2d) 939; *Silow v. Mau,* 186 Wash. 258, 57 P. (2d) 1059; *Petey v. Larson,* 28 Wn. (2d) 790, 183 P. (2d) 1020. All were affirmed, except as to two defendants in *Thornton v. Eneroth, supra,* and it was held that, as to them, there was no question for the jury and the case should be dismissed.)

The only conclusion that can be drawn from all of the cases subsequent to the 1933 amendment is that the amendment has made no difference as to the extent or character of the review that we will make when the trial court has granted a new trial on the ground that the jury verdict is excessive or inadequate, that there is not sufficient evidence to justify the verdict, or that the verdict is against the weight of the evidence. In one of the last cases decided before the adoption of the 1933 amendment, *Huntington v. Clallam Grain Co.,* 175 Wash. 310, 27 P. (2d) 583, we said:

"Where the evidence is conflicting, . . . it is wholly within the discretion of the trial court to grant or to deny

a motion for new trial upon the ground that the evidence is insufficient to justify the verdict, or that the verdict is against the weight of the evidence, or that the amount awarded is . . . either excessive or inadequate; and the ruling of the trial court on such questions will not be disturbed, in the absence of manifest abuse of discretion";

and that is still the rule. In the recent cases of *Dyal v. Fire Co. Adjustment Bureau,* 23 Wn. (2d) 515, 161 P. (2d) 321, and *McClintock v. Allen,* 30 Wn. (2d) 272, 191 P. (2d) 679, we made practically identical statements:

"We have repeatedly held, in cases tried before a jury, that, where the evidence is conflicting, it is wholly within the discretion of the trial court to grant or to deny a motion for new trial upon the ground that the evidence is insufficient to justify the verdict, or that the verdict is against the weight of the evidence, or that the amount awarded is, in the opinion of the trial court, either excessive or inadequate, and that the ruling of the trial court on such questions will not be disturbed, in the absence of manifest abuse of discretion." *Dyal v. Fire Co. Adjustment Bureau, supra.*

"Where the evidence is conflicting, . . . it is wholly within the discretion of the trial court to grant or to deny a motion for new trial made upon the ground that the evidence is insufficient to justify the verdict, or that the verdict is against the weight of the evidence, or that the amount awarded is either excessive or inadequate; and the ruling of the trial court on such questions will not be disturbed, in the absence of manifest abuse of discretion." *McClintock v. Allen, supra.*

We reiterate the statement previously made, that in these cases there can be no abuse of discretion, manifest or otherwise, if there was a case for the jury and any evidence on which the jury could have reached a verdict different from the one rendered.

### Rationale of the Present Rule

It is apparent that the underlying reason for ignoring the terms of the 1933 amendment to Rem. Rev. Stat., § 399, is that, as said in *Brammer v. Lappenbusch, supra,* the legislature did not intend to interfere with the inherent right of the trial court to grant a new trial where substantial justice has not been done.

No one can read our cases analytically, or even casually, without being convinced that, when a trial judge has granted a new trial and has stated the grounds to be the insufficiency of the evidence to sustain the verdict or the excessiveness or inadequacy of the verdict, or has stated no grounds, we have read into the order of the trial judge the conclusion that the new trial was granted because substantial justice had not been done. The following excerpt from *Nagle v. Powell, supra,* is typical:

"The reduction of the verdict in lieu of granting a new trial . . . reflects conviction of the trial court that substantial justice demanded such action."

It may be assumed (if we eliminate those cases in which new trials are granted because of errors of law) that any time a trial judge grants a new trial, the order so doing reflects a conviction on his part that substantial justice demands such action. As heretofore pointed out, that is actually an ultimate conclusion for which there must be a reason. The reason may be outside the record—"the lights and shadows" of the trial, the very atmosphere of the court-room, those things which are manifest to the trial judge but which cannot be captured for the record— and in that event we agree that our review should be limited to the questions of whether there is a case for the jury and whether the verdict is the only one possible as a matter of law.

It is apparent, however, that where the reason for the trial judge's conclusion that substantial justice has not been done is the insufficiency of the evidence to sustain the verdict, or excessive or inadequate damages, the basis for the trial judge's action may be entirely within the record, and in such cases the reason for the limitation on the right of review of his action in setting aside a jury verdict ceases to exist. In such situations—and the present cases may well be among them—the record should be subject to review to determine whether there is any basis for the granting of a new trial. However, we do not recognize such a distinction. Instead, we hold that, when a new trial has been granted (a) because substantial justice has not

been done, (b) because the verdict was against the weight of the evidence or the evidence was insufficient to sustain the verdict, (c) because the damages were inadequate or excessive, or (d) by a general order, the fact that the trial judge has granted the motion for new trial connotes that he was or may have been influenced so to do by circumstances and conditions existing at the trial which could not be made a part of the record.

### Disposition of the Instant Cases

■ If we were deciding these cases on the record, we would reverse the orders granting new trials; but our cases require us to assume (the trial judge having said that substantial justice had not been done and that the damages were inadequate—and either would be sufficient to require the assumption) that the trial judge was influenced by conditions existing and circumstances occurring during the trial which could not be made part of the record; and, having made that assumption and having found that there was a case for the jury and that different verdicts as to damages were possible under the evidence, we must perforce say that there was no manifest abuse of discretion by the trial court and that his orders granting new trials are affirmed.

### Addendum

■ We have had a purpose in the writing of this opinion beyond the disposition of the present cases (else the matter would have been disposed of by a short *per curiam* opinion), and that is to indicate that we have, by the processes herein described (to which the writer of this opinion has made his contribution), placed ourselves in a position where we must, in line with our decisions, affirm orders granting new trials when such orders state:

(A) That substantial justice has not been done;

(B) That the evidence is not sufficient to sustain the verdict, or that the verdict is against the weight of the evidence;

(C) That the damages awarded are either inadequate or excessive;

(D) No ground or reason therefor:

except where there is no case for the jury or no evidence to support a verdict other than the one rendered.

If that is a desirable situation, nothing need be done about it and the bar should take notice of the futility of appeal in such cases; if it is not a desirable situation, we should be concerned about a remedy. Inasmuch as revisions of our rules and the rules of practice are under consideration, it is hoped by this opinion to focus the attention of the bench and bar upon the problem presented. There is no desire to interfere with the inherent right of a trial judge to grant a new trial, subject only to the limited review now possible, where the reasons for granting the new trial cannot be made a part of the record. On the other hand, there should be some way of securing a review of such an order when the trial judge's action is actually based upon the record. Any rule adopted, to be effective, would require that the trial judge state his reason or reasons for granting a new trial and, also, whether the order is based upon the record or upon facts and circumstances outside the record which could not be made a part thereof.

ROBINSON, MALLERY, and HAMLEY, JJ., concur.

SIMPSON, C. J. (dissenting)—I cannot agree with the conclusion reached by the majority.

Art. IV, § 4, of our state constitution confers upon this court appellate jurisdiction. We should not surrender our right nor refuse to perform our duty in cases such as the one before us. We should, in all cases in which the trial court grants a new trial, review the case and ascertain whether the trial court abused its discretion. By the opinion we have declared that, in the instances mentioned in (A), (B), (C) and (D) of the "addendum," the parties against whom the order is made do not have recourse to this court.

Hereafter, in cases such as we have before us and those mentioned in the "addendum," the attorneys who represent individuals who are in the position of these appellants must

say to their clients, "In so far as the order in this case is concerned, there is no supreme court—the orders of the trial court are as the laws of the Medes and Persians."

May 12, 1950. Petition for rehearing denied.